This case is brought before us upon exceptions to the ruling of the court below, in a matter of evidence, and also for the refusal of the judge to give certain instructions asked for, and for giving other instructions alleged to be erroneous. *Page 306 
1. We are not informed of any ground upon which the evidence is deemed inadmissible. Ordinarily, in both civil and criminal causes, the declarations and admissions of one party may be introduced by the other. There are exceptions to this rule, but the case before us does not fall under any of these exceptions.
(478) The defendant was indicted for a battery on L. S. Gash, and, on the trial, his case was made to turn on the question whether the battery was in self-defense or otherwise. His previous declarations, that he intended to give Gash a caning, were certainly pertinent to the inquiry, and, therefore, for aught we can see, admissible.
2. The instructions asked for were properly refused. The court was requested to charge the jury that "if defendant, at the time he struck Gash, believed Gash was about to strike him with the knife, that then the defendant had the right to strike Gash first."
A right to act in self-defense does not depend upon the special state of mind of the subject of inquiry. He is judged by the rules which are applicable to men whose nerves are in an ordinary sound and healthy state; and whatever may be his personal apprehensions, if he has not reasonable ground to support them, he will not be protected by the principle of self-defense.
The normal condition of the human passions and faculties must be regarded in establishing rules for the government of human conduct. The question, then, in such cases as the present, is not what were the apprehensions of the defendant, but what they ought to have been when measured by a standard derived from observation of men of ordinary firmness and reflection. This is what is called reasonable ground of belief, and is the rule for judging of a case of self-defense, upon an indictment for an assault and battery. Therefore a prayer for instruction which assumed that one's personal feelings and apprehensions, however eccentric and morbid these might be, determined the character of his conduct, was properly refused.
3. It will be found, from a consideration of what has been said above and from other plain principles of law, that the instructions actually given are in conformity with law.
(479) The portion which we suppose is objected to is, "If the defendant had good reason to believe, and did believe, Gash was about to strike him, then the defendant had a right to strike first, unless the defendant sought the fight and provoked an attack." This is correct, and is one of the plainest principles pertaining to the law of assault and battery. If two men fight by consent (which consent may be inferred from language and conduct), the parties are guilty of mutual assaults and batteries, no matter who committed the first assault or struck the first blow.
PER CURIAM. No error. *Page 307 
NOTE. — For discussion of the distinctions between attempts to strike and offers to strike, see S. v. Myerfield, 61 N.C. 108, as to when one may strike in self-defense; vide S. v. Dixon, 75 N.C. 275; S. v.Harman, 78 N.C. 515; S. v. Medlin, post, 488; when in defense of his father, S. v. Johnson, 75 N.C. 174. If one provokes an affray by any language or conduct of his own, he is guilty; S. v. Robbins, 78 N.C. 431.
Cited: S. v. King, 84 N.C. 741; S. v. Williford, 91 N.C. 532; S. v.Mills, ib., 596.