## M. C. BUIE *v.* JOHN CARVER.

*It is error* to permit the testimony of a witness, as to what a deceased witness swore on a former trial, to go to the jury, unless the witness can state the whole of the evidence given in at the time by such deceased witness. The reception of such fragmentary testimony entitles the party excepting to it to a new trial.

CIVIL ACTION, in the nature of Ejectment, tried at the Spring Term, 1875, of CUMBERLAND Superior Court, before his Honor, Judge *Buxton.*

The only point raised and decided in this Court, was a question of the admissibility of certain evidence. A statement of the facts and the evidence bearing on other points in the case, is, at this stage deemed unnecessary.

During the trial, the plaintiff introduced Wm. B. Baker, to prove what one Daniel Cornbow had sworn to on a former trial. Baker, upon his preliminary examination to test his competency, stated : That he was present at the previous trial was a witness himself and the son-in-law of the plaintiff. That he paid attention to the examination of Daniel Cornbow, but was hard of hearing, and did not hear all that he said ; but he did hear and did remember what Cornbow testified as to what land he had owned, and what he had sold to John Carver. Upon this statement the defendant objected to the competency of Baker. His Honor overruled the objection and allowed him to be examined. Defendant excepted.

There was much other evidence, written and oral, introduced, but not being pertinent to the decision of this Court, a statement of the same is omitted.

The verdict of the jury was in favor of the plaintiff. Judgment and appeal by the defendant.

*W. McL. McKay* and *Guthrie,* for appellant.
*Ray,* contra.

PEARSON, C. J. It is a familiar rule of evidence that when any part of a document is read in evidence to the jury, the opposing party is entitled to have the whole of it read, whether it be a deed, answer in equity, will, letter or any other paper writing. It follows as a corollary to this rule, that when a part of a paper writing has been torn off and lost, or defaced so as to be illegible, the fragment preserved cannot be put in evidence to show the contents of the writing, although it may be competent evidence to prove the naked fact, that there had been a paper writing, setting out matter of one kind or another, for it cannot be told how far the missing fragment would change the meaning and construction of the entire instrument. The same rule applies to conversations. If one party proves that the other said so and so, the other party has a right to have the whole conversation put in evidence, so that the jury may not walk in the dark, but have an opportunity to consider all of the surroundings.

The same principle applies to evidence, of what a deceased witness swore to, upon a former trial. Unless the jury are informed of all that the deceased witness swore to, how can they pass on the full scope and effect of his testimony, its credibility, and its consistency with the testimony of other witnesses, &c. ?

The witness Baker, upon his preliminary examination, on the question of competency, swore that " he paid attention to the examination of Daniel Cornbow, but was *hard of hearing,* and *did not hear all that he said,* but he did hear what he said, as to what land he had owned, and what land he had sold to Carver." How Baker knew that he did not hear *all* that Daniel Cornbow swore to, was a matter for himself. He swears directly that he *did not hear all that Cornbow said.* This made his testimony "*fragmentary,*" as the books express it, and of course it was error. We are inclined to concur with his Honor in his rulings upon the merits of the case, and regret to be forced to grant a *venire de novo* upon a question of evidence, especially as another witness professed to testify to

all that the deceased witness swore to on the former trial, and in all probability many of the jury recollected the testimony of the deceased witness, and might have been called instead of the deaf witness.

So it was bad management on the part of the plaintiff, to press his deaf witness upon the Court and jury, unless he had some especial reason for it. However this may be, there is no telling the extent to which the jury were influenced by this incompetent evidence, and the defendant is entitled to a *venire de novo*.

Error.

PER CURIAM.                                    *Venire de novo*.