### STATE v. OTIS RAGLAND.

(Filed 26 February, 1947.)

**1. Criminal Law § 31e: Constitutional Law § 35—**

Testimony of an officer that he took one of the shoes defendant was wearing when apprehended and fitted it into footprints found at the scene of the crime is competent and does not invade the constitutional protection against self-incrimination.

**2. Criminal Law § 29a—**

Defendant was charged with committing rape after his escape with other prisoners from custody. A voluntary statement that he had falsely accused another of the prisoners with having committed the crime was admitted in evidence without objection. *Held:* Testimony of the sheriff that defendant had made inquiry as to whether the other prisoners had been apprehended is relevant and competent.

**3. Criminal Law § 34a—**

Declarations and admissions of a defendant are competent against him in a criminal action.

APPEAL by defendant from *Stevens, J.,* at December Term, 1946, of MARTIN.

Criminal prosecution tried upon an indictment charging the defendant with rape.

The evidence tends to show that on 8 November, 1946, the prosecutrix, a married woman, was alone at her home. The defendant, whom the prosecutrix did not know at that time, but does know now, passed near her home between 12:00 noon and 12:30 p.m. Between 12:30 and 1:00 o'clock p.m., of the same day, she had gone to the pump, which is two or three steps from her porch, to get water for dinner. Immediately thereafter the defendant jumped into the kitchen, threw his hand over her face, knocked her glasses off, choked her, put a coat over her head, overpowered her and had sexual intercourse with her against her will.

A voluntary statement made by the defendant was introduced in evidence without objection. The substance of the statement is to the effect that the defendant and Chester Morris and several other prisoners, escaped from a prison camp on 3 November, 1946. That the defendant spent the night of 7 November, 1946, in a tobacco barn near the home of the prosecutrix. He went to the house and saw a white woman standing at the pump getting water. When she went into the house, he walked up on the porch. He saw her standing in the room. He then picked up a coat that was on the porch, went into the room, put the coat over her head; then the statement reads: "I knew that I was wrong and I left the coat over her head; and ran back to the railroad track through

some woods I came in. Shortly I was caught and taken back to Martin County jail and made a false statement to Sheriff Roebuck and Deputy that Chester Morris, one of the prisoners who escaped with me, was the one who committed the crime on the white woman. I told Sheriff Roebuck, trying to protect myself, and what I said about Chester Morris was all wrong."

The defendant offered no evidence.

Verdict: Guilty of rape. Judgment: Death by asphyxiation. The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*H. L. Swain for defendant.*

DENNY, J. The defendant's first exception is to the admission of the testimony of Sheriff Roebuck, relative to the similarity of the tracks made by the shoe the defendant was wearing on his right foot at the time he was arrested, and tracks leading from the house of the prosecutrix. The defendant contends that when the Sheriff was permitted to testify that he took one of the shoes the defendant was wearing and fitted it into the tracks leading from the home of the prosecutrix, and that the tracks corresponded with the imprint made by the defendant's shoe, it was tantamount to requiring the defendant to give testimony against himself. Under our decisions the exception cannot be sustained.

It is well settled with us that the similarity of footprints is admissible in evidence as tending to identify the accused as the one who perpetrated the crime. The probative value of such evidence depends upon the attendant circumstances. *S. v. Walker,* 226 N. C., 458, 38 S. E. (2d), 531; *S. v. Mays,* 225 N. C., 486, 35 S. E. (2d), 494; *S. v. McLeod,* 198 N. C., 649, 152 S. E., 895; *S. v. Spencer,* 176 N. C., 709, 97 S. E., 155; *S. v. Lowry,* 170 N. C., 730, 87 S. E., 62; *S. v. Thompson,* 161 N. C., 238, 76 S. E., 249; *S. v. Hunter,* 143 N. C., 607, 56 S. E., 547; *S. v. Reitz,* 83 N. C., 634; *S. v. Graham,* 74 N. C., 646. In the last cited case, this Court said: "An officer who arrests a prisoner has a right to take any property which he has about him, which is connected with the crime charged, or which may be required as evidence."

The second exception is directed to the prejudicial effect of the Sheriff's testimony to the effect that the defendant had made inquiry of him as to whether or not Chester Morris and the other escaped prisoners had been captured. This exception cannot be sustained. The defendant in his voluntary written statement, signed by him, and admitted in evidence without objection, stated that he, Chester Morris and other prisoners had escaped from the prison camp on 3 November, 1946, and that he had wrongfully tried to implicate Morris as "the one who committed the

crime on the white woman." Moreover, declarations and admissions of a defendant are competent against him in a criminal action. *S. v. Abernethy,* 220 N. C., 226, 17 S. E. (2d), 25.

The remaining exceptions are without merit.

We find no error in the trial below.

No error.