### STATE v. HILTON PARRISH.

(Filed 25 November, 1959.)

**1. Criminal Law § 16—**

The Recorder's Court of Vance County and the Superior Court have concurrent jurisdiction of prosecutions for the misdemeanors of assault with a deadly weapon and malicious injury to personal property. G.S. 7-64.

**2. Criminal Law § 16—**

Where the recorder's court of a county having concurrent jurisdiction with the Superior Court of misdemeanors issues its warrant charging defendant with certain misdemeanors, but a *nolle prosequi* is entered in the recorder's court prior to plea, that court loses jurisdiction and the State may proceed upon an indictment found in the Superior Court subsequent to the date of the entry of the *nolle prosequi,* and defendant's motion in the Superior Court to remand to the recorder's court is properly denied.

**3. Criminal Law § 101—**

If there is any substantial evidence, direct or circumstantial, or both,

tending to prove each material element of the offense charged; it is sufficient to withstand motion to nonsuit, it being for the jury to determine in regard to circumstantial evidence whether it tends to prove guilt beyond a reasonable doubt and excludes every reasonable hypothesis of innocence.

**4. Assault and Battery § 14: Property § 3—**

Testimony of the driver of a car that as he was driving through a group on either side of a street his car was hit by several objects, resulting in appreciable damage, together with testimony of an occupant of the car that the car was struck two times on the occasion in question, and testimony of an officer that he recognized defendant and saw the defendant throw a rock when the defendant was about twenty feet from the car, and heard the following thump, although he did not see the rock hit the car, *is held* sufficient to be submitted to the jury on the charge of assault with a deadly weapon and the charge of malicious injury to personal property.

**5. Criminal Law § 9: Property § 3—**

Where the evidence is to the effect that defendant was acting in concert with others, that the others blocked with their cars the car of the prosecuting witness, and that defendant then threw a brick through the windshield of the car of the prosecuting witness, an instruction of the court that the offense of wanton and willful injury to personal property might be committed by one person acting alone, or might be jointly committed by two or more persons aiding each other and acting together, cannot be held for error. G.S. 14-160.

**6. Criminal Law § 159—**

An assignment of error not set out in the brief and in support of which no reason or argument is stated or authority cited will be deemed abandoned. Rule 28, Rules of Practice in the Supreme Court.

HIGGINS, J., not sitting.

APPEAL by defendant from *Mallard, J.,* 4 May 1959 Special Criminal Term, of VANCE.

Criminal action tried upon a bill of indictment containing two counts. The first count charges the defendant on 26 February 1959 with an assault with a deadly weapon, to wit, a large rock approximating eight inches in diameter, on Thomas D. Peck. G.S. 14-33. The second count charges the defendant on the same day and place, as alleged in the first count, with wantonly, willfully, and maliciously injuring the personal property, to wit, a 1950 Pontiac automobile, of Thomas D. Peck. G.S. 14-160.

Plea: Not Guilty. Verdict: Guilty as charged.

From a judgment of imprisonment of twelve months on each count in the indictment, the sentence on the first count to begin at the expiration of sentence this day imposed in Case No. 3400, and the

sentence on the second count to run concurrently with the sentence on the first count, defendant appeals.

*Malcolm B. Seawell, Attorney General, and T. W. Bruton, Assistant Attorney General, for the State.*
*W. M. Nicholson, James B. Ledford, James J. Randleman and L. Glen Ledford for defendant, appellant.*

PARKER, J.  Before pleading to the bill of indictment, defendant moved that the case be remanded to the Recorder's Court of Vance County for trial, for the reason that the Recorder's Court of Vance County had first taken cognizance of the case, and that said Recorder's Court had jurisdiction thereof to the exclusion of the Superior Court. The trial court denied this motion, and defendant assigns this as error.

Counsel for the State and the defendant agreed upon the case on appeal.

In reference to the above motion, these facts appear from the agreed case on appeal, and from a stipulation entered into between counsel for the State and defendant:

Prior to the convening of the 4 May 1959 Special Criminal Term of the Superior Court of Vance County, a warrant was pending for trial in the Recorder's Court of Vance County charging defendant with the same offenses with which he is charged in the indictment upon which he was tried and convicted in the case *sub judice.* Defendant gave bond for his appearance in the Recorder's Court of Vance County to answer the charges in the warrant issued against him, had requested a jury trial in that count, and had made the required deposit for a jury. At 3:35 p. m. on 4 May 1959, without any notice to defendant, the State before trial of the case against defendant in the Recorder's Court of Vance County entered a *nolle prosequi* upon the record of the Recorder's Court of Vance County. At 3:45 p. m. on 4 May 1959 the Grand Jury of the Superior Court of Vance County returned the bill of indictment in this case.

The Recorder's Court of Vance County and the Superior Court of Vance County had concurrent jurisdiction of the offenses charged, the jurisdiction to be exercised by the Court first taking cognizance thereof. Chapter 158, Section (d), Public-Local Laws of North Carolina, Session 1911, as amended by Chapter 614, Public-Local Laws of North Carolina, Session 1911; G.S. 7-64.

Defendant very properly makes no contention that he was placed in jeopardy in the Recorder's Court of Vance County. *S. v. Clayton,*

STATE *v.* PARRISH.

*ante*, 261, 111 S.E. 2d 299, decided this day, is directly in point, and upon the authority of that case defendant's assignment of error to the refusal of the trial court to remand the case to the Recorder's Court of Vance County for trial is overruled.

Defendant assigns as error the refusal of the trial court to allow his motion for judgment of nonsuit made at the close of the State's evidence: defendant offered no evidence.

The State's evidence tends to show the following facts: Thomas D. Peck has been a resident of Henderson for 25 years. He knows the defendant. About 9:00 a. m. on 26 February 1959, he saw defendant at the east side of Harriet Cotton Mill No. 1 on Harriet Street standing between the street and the mill's premises. He was one of a group of 10 or 15 or more persons gathered in the area at the east end of the mill on Harriet Street. Some of the group were on the mill side of the street, and others were on the other side, to the right and left of Peck, when he drove his 1950 Pontiac automobile through the group to see an employee about coming to work. Defendant watched Peck as he drove by. Peck stopped at Marcus Davis' house, and blew his horn. Davis did not come out, so Peck turned around, and came back through the group. Peck testified: "My car was hit by a couple of heavy objects one foot above the rear glass and right rear fender. On the top of the car was a couple of dents which took the paint off. The blow that hit on the side flattened out a piece of chrome that ran along the rear fender. It chipped the paint off and made an indentation into the metal of the car. When I stopped my car I saw rocks and bricks out in the street, several of them. It was then that my car was hit a foot above the rear glass and on the right fender. I did not see the objects that struck my car. The one on top made a couple of dents and took paint off. It would be hard to estimate the depth of the indentation. The one that hit the car on the side flattened out the piece of chrome that runs parallel to the ground along the fender of my 1950 Pontiac. It was flattened out about an inch and a half. I stopped the car about 25, maybe 50 feet from the group and got out to inspect the damage, but I didn't see all of the injuries until I parked the car back in the mill lot. I saw the one on top then and it was then I knew it had been hit on top. When I stopped the car on Harriet Street I saw some rocks and bricks, maybe three of them. They were off to the side of my car. Mr. Ollie Harris was with me in the seat beside me. I was driving so I don't know what Parrish was doing when my car was struck." On cross-examination Peck testified: "The rocks I saw in the street were approximately 50 feet from where my car was struck." On redirect examination, he testified: "The rocks

were lying in the area where I was hit in relationship to the crowd, that is, they were in front of the crowd. I'd estimate I was less than 10 feet from the persons in that crowd on both sides, when my car was struck."

Harold U. Watkins, a police officer of Henderson and a witness for the State, testified: "When Mr. Peck's car came back up the street Mr. Parrish darted quickly between two cars parked end to end in front of one and behind the other. By darted I mean from the side of the automobile next to the street or in the street. He moved fast. He was moving faster than walking but not exactly running, a fast gait, away from the street, toward the mill fence. He moved toward the mill fence which put him on the opposite side of the vehicle from the side he was on. He ducked momentarily and as Mr. Peck's car passed he threw a rock about the size of my fist. I saw it in his hand, I saw it leave his hand and traveling through the air. I did not see it hit the car but I heard a thump. I saw Mr. Peck apply his brakes and stop his automobile. . . . After he threw the rock Parrish walked on back up to Alexander Avenue toward W. E. Ramsey's store, in front of the mill. Mr. Peck stopped beside where we were parked and we told him we saw what happened. I didn't see the rock after it struck the automobile, and I don't know where Parrish got it. The first I saw it was in his hand. He was about 20 feet at most from the car when he threw the rock. The others in the crowd stayed on the street side of the parked cars when Parrish ducked behind them."

Ollie Harris, who was riding with Peck, testified as a witness for the State: "I don't know what hit his car, but something hit it. I can't say which side of the car it hit. I didn't get out. I say two somethings hit the car." He testified on cross-examination: "I am sure the car was struck two times, one on the right and one on the left."

This is said in *S. v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431: "We are advertent to the intimation in some of the decisions involving circumstantial evidence that to withstand a motion for nonsuit the circumstances must be inconsistent with innocence and must exclude every reasonable hypothesis except that of guilt. We think the correct rule is given in *S. v. Simmons,* 240 N.C. 780, 83 S.E. 2d 904, quoting from *S. v. Johnson,* 199 N.C. 429, 154 S.E. 730: 'If there be any evidence tending to prove the fact in issue or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury.' The above is another way of saying there must be substantial evidence of all material elements of the offense to withstand the motion to dismiss. It is immaterial whether the substantial evidence is circumstantial or direct, or both.

To hold that the court must grant a motion to dismiss unless, in the opinion of the court, the evidence excludes every reasonable hypothesis of innocence would in effect constitute the presiding judge the trier of the facts. Substantial evidence of guilt is required before the court can send the case to the jury. Proof of guilt beyond a reasonable doubt is required before the jury can convict. What is substantial evidence is a question of law for the court. What that evidence proves or fails to prove is a question of fact for the jury."

In *S. v. Hobbs*, 216 N.C. 14, 3 S.E. 2d 431, the State's evidence tended to show these facts: Willard Jackson was driving an oil truck on the public highway between Wilmington and Charlotte. He recognized the defendant, and saw him in company with another man whom he did not recognize. He testified: "They made a motion to throw something and just at that time I threw up my hand over my face, and something busted my windshield. I don't know whether it was a brick or a rock or what, but it broke the windshield to the right of the center. . . . I do not know which one actually threw the brick or rock or whatever it was; both motioned. Both men made a throwing motion with the arm. . . . I did not stop to investigate." Defendant was tried on appeal in the Superior Court on a warrant that charged him with assaulting Willard Jackson with a deadly weapon, to wit, a brick. Defendant assigned as error the refusal of the trial court to grant his motion for judgment of nonsuit made after all the evidence in the case was concluded. This Court said this assignment of error cannot be sustained. The trial court charged the jury in effect: "That if the defendant intentionally threw a brick at the prosecuting witness and struck and broke the windshield of the truck he was driving, although he may not have stricken the witness, the defendant was guilty of an assault with a deadly weapon, and further, that if the defendant was personally present aiding, abetting and encouraging another, who intentionally threw a brick at the prosecuting witness and broke the windshield of the truck he was driving, he was guilty of an assault with a deadly weapon." This Court said: "This was a correct statement of the law applicable to the facts which the evidence for the State tended to establish."

In considering the motion for judgment of nonsuit as to the first count in the indictment, the fact, that in the instant case the State's evidence tends to show that Peck's automobile was struck by a rock one foot above the rear glass and right rear fender and also struck on the top, and that in the *Hobbs* case the missile broke the windshield of the oil truck, makes no material difference.

In *S. v. Perry*, 226 N.C. 530, 39 S.E. 2d 460, defendant threw a

brick into the stone at the prosecuting witness, but did not hit him. This Court said: "In the instant case, under the evidence, we think his Honor would have been justified in holding as a matter of law that the manner in which the defendant used the brick, it was a deadly weapon."

The evidence was sufficient to carry the case to the jury on both counts in the indictment, and the trial court properly denied defendant's motion for judgment of nonsuit.

The only other assignment of error brought forward and discussed in defendant's brief is to this part of the charge of the trial court to the jury: "The offense of wanton and wilful injury to the personal property of another under this statute may be committed by one person acting alone, or jointly committed by two or more persons aiding each other and acting together." The assignment of error is overruled on authority of *S. v. Clayton,* decided this day, *ante,* 261, 111 S.E. 2d 299.

The other assignment of error in the record is not set out in defendant's brief, and in support of it no reason or argument is stated or authority cited, and, therefore, it will be taken as abandoned by defendant. Rule 28, Rules of Practice in the Supreme Court, 221 N. C. 544, 563; *S. v. Clayton, supra,* and the cases there cited.

In the case *sub judice* the evidence is sufficient to carry the case to the jury on both counts in the indictment, and to support the verdict. Defendant makes no contention in his brief that any evidence was improperly admitted or excluded, or that any of his constitutional rights were violated either under the State or United States Constitution. No prejudicial error in the charge is shown.

No error.

HIGGINS, J., not sitting.