STATE v. RALPH BARTLETT.

(Filed 19 September 1962.)

1. Homicide § 20—

   The State's evidence to the effect that defendant threw deceased to the floor and stomped him in the stomach six or more times, with expert testimony that deceased died as a result of peritonitis from the perforation of the upper intestinal tract and that such perforation might have resulted from the assault, is sufficient to be submitted to the jury on the question of defendant's guilt of manslaughter, notwithstanding the expert's testimony on cross-examination that such perforation might have resulted from the constant and excessive use of alcoholic beverages by deceased.

APPEAL by defendant from *Huskins, J.*, April 16, 1962 Criminal Term of BUNCOMBE.

Defendant was charged with murder of Kenneth Suttle. The solicitor announced he would not ask for a verdict of murder in the first degree but of second degree or manslaughter as the evidence might warrant. The jury found defendant guilty of manslaughter. The court imposed a prison sentence and defendant appealed.

·

*Attorney General Bruton and Assistant Attorney General McGalliard for the State.*

*W. M. Styles for defendant appellant.*

PER CURIAM.  The only assignment of error is to the refusal of the court to allow defendant's motion to nonsuit because the State's evidence, defendant offered none, is not sufficient to support the verdict.

The evidence was to this effect: On the evening of 1 November 1961 deceased and defendant were in the home of Edith Anderton and husband. All were drinking. Defendant and deceased got into an argument. Defendant said to deceased: "If you don't shut your mouth I am going to stomp the Hell out of you." Thereupon defendant threw deceased to the floor and stomped him in the stomach six or more times. Defendant was at that time wearing high-top boots. Deceased "passed completely out." Sometime during the night deceased got to his bed. For about a week after that deceased would get up from bed and eat, "but he couldn't hold it on his stomach. What he would eat he would vomit it right on up." After that he spent about ten days without getting out of bed.

Deceased was taken to Memorial Hospital in Asheville on 13 November. He was then acutely ill. Dr. Anderson operated on him that day and found "a generalized inflammation of all the contents of his abdomen, with multiple areas of accumulation of pus from infection of several days standing." Pneumonia developed on 14 December. Death occurred on 15 December. Dr. Anderson expressed the opinion that death was caused "by a perforation of his upper intestinal tract resulting in peritonitis, which was subsequently followed by pneumonia." Dr. Anderson expressed the opinion "in the absence of any disease within the upper intestinal tract that the condition which produced his death could have been caused by a blow such as might have been inflicted by being stomped in the abdomen with boots. I did not find any evidence of any other disease. It is my opinion that at the time I first saw him in the hospital the condition which I found had existed for ten days or two weeks . . ."

Deceased habitually consumed alcoholic beverages, frequently in excessive quantities. He frequently drank Solox, a paint thinner. On cross-examination Dr. Anderson testified that such use would provide "a reasonable hypothesis that the perforation in his upper intestinal tract was caused entirely from internal reasons and not from any blow from the outside at all."

What caused the perforation of the intestine was a question of fact. The evidence was sufficient to support a finding it was caused by the assault. It was sufficient to support a finding it was caused by constant

and excessive use of alcoholic beverages. What in fact caused the death was a question for the jury. *S. v. Parrish*, 251 N.C. 274, 111 S.E. 2d 314; *S. v. Stephens*, 244 N.C. 380, 93 S.E. 2d 431.

No error.