### STATE v. CARL WOOLARD.

(Filed 18 September 1963.)

**1. Criminal Law § 72—**

Declarations, statements, and admissions of a defendant of facts pertinent to the issue and which tend, in connection with other facts, to prove his guilt of the offense charged, are competent against him in a criminal action.

**2. Criminal Law § 165—**

The admission of evidence relating to charges upon which defendant is acquitted cannot have prejudiced defendant in regard to such charges.

**3. Criminal Law § 160—**

The burden is upon appellant not only to show error but also that the asserted error was prejudicial so that a different result would likely have ensued.

**4. Criminal Law § 164—**

Where there is ample evidence to be submitted to the jury on the question of defendant's guilt of the charges upon which he was convicted, the fact that in regard to other charges upon which defendant was acquitted the evidence may have been insufficient to be submitted to the jury, ordinarily could not prejudice him.

**5. Criminal Law § 156—**

An exception to the charge on the ground that it failed to explain and apply or correlate the law to the various aspects of the case presented by the evidence, without specifying the specific legal propositions which appellant asserts were improperly omitted from the charge, is a broadside exception and will not be considered.

**6. Criminal Law § 159—**

> An assignment of error not brought forward and discussed in the brief will be taken as abandoned. Rule of Practice in the Supreme Court No. 28.

APPEAL by defendant from *Bundy, J.,* March 1963 Session of BEAUFORT.

Defendant appeals from a judgment imposed upon a verdict of guilty of the reckless driving of an automobile upon a public highway, a violation of G.S. 20-140.

*Attorney General T. W. Bruton and Assistant Attorney General Richard T. Sanders for the State.*

*LeRoy Scott and John A. Wilkinson for defendant appellant.*

PARKER, J.   A chronological history of the criminal charges made against defendant is necessary to an understanding of this appeal.

On 3 January 1963 a warrant was issued by a justice of the peace based upon the affidavit of C. E. Greenhill, a State Highway Patrolman, charging defendant on 2 January 1963 with operating an automobile on a public highway with an improper muffler that created excessive noise, a violation of G.S. 20-128. Upon motion of the State the warrant was amended to charge defendant additionally with reckless driving of an automobile on a public highway, a violation of G.S. 20-140—the date of this charge is not stated. Defendant pleaded not guilty to the charges. The justice of the peace found probable cause and sent the case to the recorder's court of Beaufort County for trial.

A trial on the amended warrant was held in the recorder's court, apparently on 11 January 1963. Defendant pleaded not guilty. The recorder's court dismissed the charge as to improper muffler and adjudged the defendant guilty of reckless driving. From the judgment imposed, defendant appealed to the superior court.

In the superior court defendant was tried on an indictment charging him on 2 January 1963 with the reckless driving of an automobile on a public highway, a violation of G.S. 20-140, and charging him in an additional count on the same date with driving an automobile on a public highway at a speed in excess of 55 miles an hour in a 55-mile an hour speed zone, and also on a warrant charging him with driving an automobile on a public highway equipped with a muffler that caused excessive noise, a violation of G.S. 20-128. This warrant is not in the record. It appears from the judge's charge to the jury, which is in the record, that the warrant upon which defendant was tried in the superior court charged the date of defendant's violation of G.S. 20-128, improper muffler, as 31 December 1962.

Defendant pleaded not guilty to all the charges. Verdict: Guilty of reckless driving, not guilty of speeding and of driving an automobile on a public highway equipped with an improper muffler.

The State offered evidence tending to show the following facts: On the night of 31 December 1962 defendant was operating a 409 red Chevrolet automobile, year model 1962, on U. S. Highway 17, the muffler of which was crackling and making a loud noise. C. E. Greenhill, a State Highway Patrolman, stopped the automobile and looked under it. The mufflers had cut-outs that ran from the front of the mufflers out to the side, and the caps of the cut-outs were closed. The cut-out is a pipe extension that goes from the front of the muffler from the exhaust out to the side of the car, by-passing the muffler when it is cut off. The caps open in the back and the pressure goes out the straight pipe instead of through the muffler. That alone creates excessive noise. It is said the use of the cut-out increases the speed of the car on the drag strip. Greenhill told defendant he had warned him about mufflers before. Defendant said those mufflers were on the other car, not on the car he was driving. Greenhill replied, "These mufflers on this car are as loud as those you had on the other one."

Greenhill went to his patrol car and got out his citation book. Defendant asked him what he was going to give him a ticket for. The patrolman told him his mufflers were too loud and began writing a ticket. Defendant then said, "This is a hell of a way to make a living." Greenhill replied, "Yes, I guess there is better ways." Defendant then said, "A patrolman steals your wife and every time you get on the road one of them writes you a ticket." Defendant objected and moved to strike. The motion was denied, and defendant excepted and assigns this as error.

Greenhill finished writing the ticket. Defendant said he would pay it. Greenhill said, "I am concerned about you getting the mufflers off; you are in violation when you are operating it with mufflers like this." Defendant replied, "I am going to pay this ticket. I am not taking them off. The things are welded on there and I am not going to take the damn things off." Greenhill told him again, "You are in violation when you operate it with mufflers like that." Defendant said, "I am going to pay the ticket." Greenhill said he had plenty of books and handed him the citation. Defendant took it and said, "It would be the last damn ticket I would ever give him." Defendant objected and made a motion to strike. The motion was denied, and defendant excepted and assigns this as error. Defendant turned around, started walking to his car, and said, "I will do you like I done that last patrolman." Defendant objected, was overruled, excepted, and assigns this as error.

On the night of 2 January 1963, Greenhill, driving a patrol automobile, saw a 409 red Chevrolet automobile traveling at a high rate of speed on a rural paved road. He pursued this automobile 2.3 miles at a top speed of 110 miles an hour and did not gain on it. The speed limit was 55 miles an hour. The Chevrolet automobile stopped at the stop sign at Highway 33 and proceeded southeast on this highway at a high rate of speed. Greenhill got behind the automobile and was able to see that defendant was driving it, and that he was traveling over 55 miles an hour. When oncoming traffic permitted Greenhill to pull up beside defendant's automobile, he blew his siren. He then dropped behind the Chevrolet automobile and saw defendant glancing up at his rear-view mirror. Defendant maintained his speed and kept glancing up at his rear-view mirror. Greenhill then blew his siren behind the Chevrolet. Defendant failed to stop. Greenhill blew his siren again, and defendant kept going. Whereupon, Greenhill drove beside defendant again and blew his siren. Defendant kept traveling. They entered a curve, and because of oncoming traffic Greenhill dropped behind the Chevrolet again. Defendant, without giving any signal, suddenly applied his brakes, the rear end of his automobile raised up, and started sliding down the middle of the highway. The left wheels of defendant's automobile skidded 69 feet and his right wheels 52 feet. At the time Greenhill was traveling 40 to 45 miles an hour. He could not cut to the left because of an approaching automobile and did not have time to turn to the right, and he slid into the rear of defendant's automobile. When defendant suddenly applied his brakes, there was no automobile or obstacle in front of him. He stopped a mile and one-fourth from the stop sign. Greenhill asked defendant if he had taken the mufflers off. Defendant replied, "Hell, no, I have not taken them off. I told you I am not going to take the damn things off. They are welded on there and I am not going to take them off." Whereupon, Greenhill gave him a citation for an improper muffler, and for nothing else. This was the second citation he had given defendant for an improper muffler.

Defendant offered evidence to the following effect: He has been convicted of whisky violation, of speeding, and of non support. The 409 Chevrolet he was driving on 31 December 1962 had a big motor in it. He bought it secondhand from a car dealer in Columbia. The car has a cut-out on it and caps that you take off. It is used principally on drag strips. Before the cut-out will work you have to unscrew and disconnect the caps from the outside, and to do that you have to use a wrench. The muffler is the same that came on the car. The car makes more noise than a regular Chevrolet with a smaller motor.

He had never put the cut-out in operation or made any changes in the car. When Greenhill stopped him on the highway on 31 December 1962, the car was making "no undue fuss." Greenhill gave him a ticket for an improper muffler. He told Greenhill the mufflers are legal. Greenhill said they were not, and said, "I am going to give you a damn ticket every time I catch you on the road with it." He told Greenhill, "he just as well go ahead, because I was going to be on the road seven days a week with it." He carried the car to Guy Lane Cutler's Service Station. He said, "there was not anything wrong with the mufflers, that they looked like they came with the car." He told Cutler to saw the mufflers off, which he did. Being unable to get in town any mufflers to fit, he finally had the mufflers put back on the car.

On 2 January 1963 he was driving the same car on Highway 33 at a speed of 55 or 60 miles an hour. He heard a siren behind him. He took his foot off his accelerator, and Greenhill, who was right at his rear bumper, ran into the rear of his Chevrolet. Greenhill had not driven beside him. On this occasion he had not violated any law. Greenhill jumped out of his car and said, "I ought to knock your g. . damn teeth out. You had this set up just right for me to run in the back end of your car." Defendant cursed him some, and Greenhill cursed him until Sergeant Howell came. He asked Sergeant Howell what right Greenhill had to curse him and call him a damn boot-legger and everything else, and Howell said he had no right to do so. Greenhill gave him a ticket for an improper muffler, and nothing was said there about speeding or reckless driving.

Defendant was acquitted of the charge of operating an automobile on 2 January 1963 with an improper muffler in the recorder's court. In the instant case he was tried in the superior court on a charge of operating an automobile on 31 December 1962 with an improper muf-fler, and on charges of speeding and reckless driving of an automobile on 2 January 1963. So far as the record shows, he did not object to a consolidation of these charges for trial in the superior court. There was ample evidence offered by the State to carry the case to the jury on all three charges. The jury convicted him of reckless driving and ac-quitted him of operating an automobile with an improper muffler and of speeding.

Defendant's first three assignments of error relate to the court's denial of his motions to strike testimony of the patrolman Greenhill as to certain alleged statements made by him on 31 December 1962 when he was given a citation or ticket at the scene for operating an automobile with an improper muffler, and to the court's overruling his objection to similar testimony, which testimony is set forth above.

It seems to be well-settled law in this jurisdiction that the declarations, statements, and admissions of a defendant of facts pertinent to the issue, and tending, in connection with other facts, to prove his guilt of the offense charged, are competent against him in a criminal action. *S. v. Bryson,* 60 N.C. 476; *S. v. Lawhorn,* 88 N.C. 634; *S. v. Abernethy,* 220 N.C. 226, 17 S.E. 2d 25; *S v. Ragland,* 227 N.C. 162, 41 S.E. 2d 285; *S. v. Artis,* 227 N.C. 371, 42 S.E. 2d 409; Stansbury, N. C. Evidence, 2d Ed., sec. 167, particularly pp. 427-429; Wharton's Criminal Evidence, 12th Ed., Vol. 2, sec. 400.

Even if we concede that the alleged statements of defendant on 31 December 1962, whose retention in evidence defendant challenges, were not pertinent in part or in whole to the issue raised by his plea of not guilty to the charge of operating an automobile that night with an improper muffler, and consequently were incompent in evidence, yet it is utterly manifest the retention in evidence of such alleged statements by defendant was not prejudicial to him on that charge because he was acquitted on that charge. The same is true as to the speeding charge on 2 January 1963, for he was also acquitted on that charge.

The State presented ample evidence to carry the case to the jury on the charge against defendant of reckless driving of an automobile on 2 January 1963. Defendant in his brief does not contend otherwise but does contend he is entitled to a new trial. Considering carefully the evidence in the case, the fact that defendant was acquitted of the other two charges, his testimony of the words that passed between Greenhill and himself when he was given a citation on 31 December 1963 for operating a car with an improper muffler, and Greenhill's testimony as to the words that passed between him and defendant on the same occasion, it is clear and plain that the retention in evidence of the challenged testimony as to his alleged statements on 31 December 1962, as testified to by Greenhill, did not prejudice him in his trial on the charge of reckless driving, and that if its retention in evidence was error, it was harmless error. It is not enough for the appellant to show error, and no more. He must make it appear that it was prejudicial to his rights, and that a different result but for the error would have likely ensued. "The injury must be positive and tangible, and not merely theoretical." *S. v. Beal,* 199 N.C. 278, 303, 154 S.E. 604, 618; *S . v. Perry,* 226 N.C. 530, 39 S.E. 2d 460; *S. v. Creech,* 229 N.C. 662, 671-2, 51 S.E. 2d 348, 355.

Defendant assigns as error the denial of his motion for judgment of nonsuit as to the charges of operating a car with an improper muffler and of speeding, made at the close of all the evidence. His con-

tention is that the State's evidence was insufficient to carry these two charges to the jury, and that the submission of these charges to the jury prejudiced his defense on the reckless driving charge. So far as the record shows the defendant did not object to the consolidation of all these charges for trial, and the State's evidence was sufficient to carry all three charges to the jury. Even if the State's evidence was insufficient to carry the case to the jury on these two charges, defendant has not shown that he was prejudiced thereby in his trial on the reckless driving charge.

Defendant makes a broadside exception to the charge as a whole for that the judge failed "to explain and apply or correlate the law and highway safety statutes to the different phases of the evidence as provided in G.S. 1-180." This assignment of error is too general and indefinite to present any question for decision. Unpointed, broadside exceptions will not be considered. The Court will not go "on a voyage of discovery" to ascertain wherein the judge failed to explain adequately the law in the case. *S. v. Dilliard,* 223 N.C. 446, 27 S.E. 2d 85; *S. v. Britt,* 225 N.C. 364, 34 S.E. 2d 408; *S. v. Triplett,* 237 N.C. 604, 75 S.E. 2d 517; *S. v. Haddock,* 254 N.C. 162, 118 S.E. 2d 411.

Defendant has not brought forward and discussed in his brief his assignments of error Nos. 4, 6, 7, and 8 relative to the admission and exclusion of evidence, and consequently they will be taken as abandoned by him. Rule 28, Rules of Practice in the Supreme Court, 254 N.C. 783, 810; *S. v. Strickland,* 254 N.C. 658, 119 S.E. 2d 781; *S. v. Parrish,* 251 N.C. 274, 111 S.E. 2d 314; *S. v. Smith,* 164 N.C. 475, 79 S.E. 979.

All defendant's assignments of error are overruled. Defendant has shown no error that would warrant the granting to him of a new trial.

No error.