STATE OF NORTH CAROLINA v. JAMES BERNARD BRICE

No. 7226SC673

(Filed 29 December 1972)

1. Homicide § 15— conclusions of witness — failure to strike — harmless error

Failure of the trial court to strike as conclusions testimony by a lay witness that deceased suffered a "nasty" wound and that the

shotgun was fired so close to deceased that the pellets did not have a chance to spread did not constitute prejudicial error in light of other testimony of the witness describing the wound.

**2. Criminal Law § 77— admissions by defendant — competency**

Testimony of witnesses as to incriminating statements which they overheard defendant make at the time of the shooting or shortly thereafter was competent in this homicide prosecution.

**3. Criminal Law § 43— admissibility of color photographs**

Color photographs are admissible in evidence to illustrate the testimony of a witness when properly authenticated by the witness as a correct portrayal of conditions which he observed and which he relates in his testimony.

**4. Criminal Law § 86— cross-examination of defendant — question as to trial for another crime — harmless error**

Although the trial court in this homicide prosecution should have sustained defendant's objection to a question asked him by the solicitor as to whether he had been tried for assault with intent to kill in South Carolina, the court's failure to do so did not constitute prejudicial error where defendant's answer was not responsive to the question and it appears that defendant never admitted he had been tried or convicted of assault with intent to kill.

**5. Homicide § 19— evidence of assault by deceased — inadmissibility**

The trial court in a homicide prosecution properly refused to permit a witness to testify that she saw deceased assault her brother with a pistol and knife on an occasion prior to the date of the homicide where defendant was not present at the time of such assault and there was no evidence that the act was ever communicated to defendant.

**6. Criminal Law § 75— in-custody statements — impeachment of defendant — failure to hold voir dire**

The trial court did not err in the admission of defendant's in-custody statements for the purpose of impeaching defendant's testimony without first conducting a *voir dire* hearing to determine whether defendant waived counsel and voluntarily made the statements.

APPEAL by defendant from *McLean, Judge,* 10 April 1972 Schedule "C" Criminal Session of Superior Court held in MECKLENBURG County.

Defendant was tried under a bill of indictment charging him with the first degree murder of Alvin Caple.

The State's evidence tended to show the following:

On 25 November 1971, deceased was living in an apartment on Brookvale Street in Charlotte with Rosa Lee Davis and her two children. Defendant lived in an apartment in an

State v. Brice

adjoining building with Helen Broome and her children. On the morning of that date a son of Mrs. Davis and a son of Mrs. Broome got into a fight while playing marbles. The fight precipitated an argument between deceased and defendant. Later that morning deceased and Rosa Lee Davis went to South Carolina to a birthday party. They returned to the apartment about 6:00 p.m. and about 7:00 p.m. defendant drove up, parked in the parking lot near the apartments and went toward his apartment. A few minutes later he came from the direction of his apartment and walked toward deceased, who was standing on the porch of his apartment. Defendant had his hands behind his back. When he got within a few feet of deceased, defendant pulled a shotgun from behind his back and stated: "Are you ready for me now?" He then shot deceased in the stomach and deceased fell to the floor and died immediately. The gun was within a foot of deceased when it was fired. After defendant fired the gun, Mrs. Broome ran toward him and said "No, J. B., no, don't do that." Defendant replied, "People think I am playing, but I don't play. I get tired of people f. . . . . with me, let the son-of-a-bitch die." Defendant left the scene and later walked up to where police officers were talking with Mrs. Broome. Defendant voluntarily stated that "I'm the one you want, she didn't do it." He also said that " . . . he had killed him," and that ". . . he had done what he had to do, and didn't care if he rotted in jail."

Defendant's evidence tended to show the following:

On the morning of 25 November 1971, defendant saw deceased on the sidewalk in front of his apartment. Deceased was holding Helen Broome by the collar and arm. Defendant went to Helen Broome's defense and told deceased "to turn her loose." Deceased started threatening defendant and saying that he was going to kill him. Later that day defendant saw deceased in the window of his apartment. Deceased raised a gun and stated "I'm coming on down, I'm ready." About 7:00 p.m. defendant drove into the parking lot near the apartments, got out of his car and walked over to Helen Broome's car. Deceased was standing on the sidewalk in front of his apartment at this time. Deceased, armed with a pistol, and two brothers of Rosa Davis, each armed with a knife, started toward defendant. Deceased told defendant, "You son-of-a-bitch you I'm going to kill you." Defendant got a shotgun from the back seat of his car and told deceased to get back. Defendant's gun suddenly

fired. Defendant testified that he did not intend to shoot deceased or anyone else but only intended to frighten the men who were coming toward him.

The court instructed the jury that they could return a verdict of guilty of first degree murder, guilty of second degree murder, guilty of manslaughter or not guilty. The jury returned a verdict finding defendant guilty of manslaughter, and he appeals from judgment entered upon the verdict imposing a prison sentence of eighteen years.

*Attorney General Morgan by Assistant Attorney General Melvin and Assistant Attorney General Ray for the State.*

*Edmund A. Liles for defendant appellant.*

GRAHAM, Judge.

Defendant brings forth and argues fourteen assignments of error.

[1, 2]   The first, third and fourth assignments of error relate to the admission of certain testimony over objection. A lay witness characterized the gunshot wound suffered by deceased as a "nasty" wound and stated that the gun was fired so close to deceased that the pellets did not have a chance to spread. While the trial judge would have been justified in striking these statements as conclusions of the witness, his failure to do so does not, under the circumstances, constitute reversible error. The witness described the size and location of the stomach wound and stated that he saw the deceased's intestines coming through the wound. His description of the wound as "nasty" was little more than a shorthand statement of the facts. Other exceptions grouped under this assignment of error relate to testimony of witnesses as to incriminating statements which they overheard defendant make at the time of the shooting or shortly thereafter. This evidence was competent. "It is well settled law in this jurisdiction that in a criminal prosecution admissions of fact by a defendant pertinent to the issue which tend to prove his guilt of the offense charged are competent against him. *State v. Porth,* 269 N.C. 329, 153 S.E. 2d 10; *State v. Woolard,* 260 N.C. 133, 132 S.E. 2d 364; *State v. Abernethy,* 220 N.C. 226, 17 S.E. 2d 25; *State v. Lawhorn,* 88 N.C. 634." *State v. Robbins,* 275 N.C. 537, 546, 169 S.E. 2d 858, 864.

[3] In his second assignment of error defendant attacks the admission in evidence of a single color photograph of the body of deceased. The record indicates that a photograph was marked for identification as a State's exhibit and a witness was asked if it fairly and accurately represented the wound on the deceased's stomach and the porch where deceased fell. However, the record does not show that this photograph was offered or received in evidence and no photograph has been filed with the clerk of this Court as required by Rule 19(j), Rules of Practice in the Court of Appeals of North Carolina. It is noted, however, that photographs are admissible in evidence to illustrate the testimony of a witness, when properly authenticated by the witness as a correct portrayal of conditions which he observed and which he relates in his testimony. *State v. Atkinson*, 275 N.C. 288, 167 S.E. 2d 241, and cases cited. The fact a photograph is in color does not affect its admissibility. *State v. Hill*, 272 N.C. 439, 158 S.E. 2d 329.

Under his fifth assignment of error defendant states that the court erred in refusing his motions for nonsuit and his motion for a mistrial.

Defendant now concedes that there was sufficient evidence to go to the jury on the charge of murder in the first degree and the lesser included offenses, but he insists that the court erred in denying his motion for a mistrial. Suffice to say, no grounds appear which would have justified an order for a mistrial.

[4] In questioning defendant concerning his prior criminal record, the solicitor asked: "On August 1st, 1965, you were tried for Assault and Battery with intent to kill in Winnsboro, South Carolina, were you not?" Defendant's objection to the question was overruled, and this constitutes his sixth assignment of error. The question was improper; defendant's objection should have been sustained and the jury should have been instructed to disregard the question. *State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174. However, the narration of defendant's answer, as it appears in the record, is not responsive to the question and it appears that he never admitted that he had been tried or convicted for the offense of assault and battery with intent to kill. Under these circumstances, the question was not sufficiently harmful to require a new trial.

[5] Defendant's seventh assignment of error is to the refusal of the court to permit a witness to testify that she saw deceased

assault her brother with a pistol and a knife on an occasion prior to 25 November 1971. This was not error. Evidence of prior threats and of incidents of violence on prior unrelated occasions are ordinarily competent, but only if the defendant was present when the incident occurred, or had knowledge of the incident prior to the alleged homicide or assault. *State v. Johnson*, 270 N.C. 215, 154 S.E. 2d 48; *Nance v. Fike*, 244 N.C. 368, 93 S.E. 2d 443; *State v. Blackwell*, 162 N.C. 672, 78 S.E. 316. Defendant was not present at the time of the assault described by the witness and there is no evidence that the act was ever communicated to defendant. The witness stated that she had never had a conversation with defendant about the incident and did not know whether her brother or anyone else had told him about it.

[6] Through his eighth assignment of error, defendant challenges the admission of testimony by a police officer as to certain in-custody statements. While the record indicates defendant was warned of his constitutional rights before he was questioned by the officers, it does not show that he was given a *voir dire* hearing at the trial for the purpose of determining whether he waived counsel and voluntarily made the statements. However, the statements were not offered to prove the State's case, but to impeach defendant's credibility. They were allowed only after defendant testified and denied that he had made the statements. The use of defendant's in-custody statement to impeach and contradict his testimony was not error. *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed. 2d 1 (1970) ; *State v. Bryant*, 280 N.C. 551, 187 S.E. 2d 111.

Defendant's fourteenth assignment of error encompasses an exception that is simply formal in nature and needs no discussion. All other assignments of error relate to portions of the charge. These assignments of error have been reviewed and are overruled.

We find that defendant had a fair trial free from prejudicial error.

No error.

Judges HEDRICK and VAUGHN concur.