STATE OF NORTH CAROLINA v. CLARENCE HARRINGTON

No. 58

(Filed 1 June 1973)

1. **Criminal Law § 21— no right to preliminary hearing**
    A defendant is not entitled to a preliminary hearing as a matter of right before trial in the superior court upon an indictment.

2. **Arrest and Bail § 3; Criminal Law § 84; Searches and Seizures § 1— probable cause to arrest without warrant — information from informant — seizure of discarded heroin — search of automobile**
    Where a reliable informant reported to officers that a person driving a specifically described automobile would arrive later that day at a certain dinette with 36 bindles of heroin in his possession,

defendant arrived at the dinette driving an automobile fitting the informant's description, defendant and a companion voluntarily accompanied officers outside the dinette at their request and defendant fled when directed to remove his hand from his pocket, it was *held* (1) the officers had probable cause to arrest defendant without a warrant, (2) officers lawfully seized 36 bindles of heroin which defendant removed from his pocket and threw away while fleeing whether or not defendant was under arrest when he fled, and (3) after defendant's capture officers lawfully searched his vehicle in the dinette parking lot as an incident of his lawful arrest.

3. **Criminal Law § 26; Narcotics § 5— conviction of possession and transportation of heroin — no double jeopardy**

Defendant was not subjected to double jeopardy when he was convicted and separately sentenced for both felonious possession and felonious transportation of the same package of heroin since the felonious transportation involves acts not necessarily a part of, nor a requisite to, felonious possession.

ON *certiorari* to the Court of Appeals to review its decision filed December 29, 1972, finding no error in the trial of Clarence Harrington in the Superior Court of DURHAM County at the May 22, 1972 Criminal Session, on two charges of violating the North Carolina Narcotic Drug Act. The cases were consolidated for trial.

*Robert Morgan, Attorney General by William W. Melvin and William B. Ray, Assistant Attorneys General for the State.*

*Loflin, Anderson, Loflin & Goldsmith by Thomas F. Loflin, III for defendant appellant.*

HIGGINS, Justice.

The defendant was tried on two bills of indictment, proper in form, charging violations of the Uniform Narcotic Drug Act. The indictment in No. 71 CR 22626 charged the felonious possession of 36 bindles of heroin in violation of G.S. 90-88. In No. 71 CR 22627 the indictment charged the felonious transportation of 36 bindles of heroin in a 1969 Oldsmobile bearing North Carolina License # DL 3288, in violation of G.S. 90-111.2(a)(1). The offenses were committed on October 31, 1971. The indictments were returned on November 1, 1971, after the passage of the North Carolina Controlled Substances Act, but before it became effective on January 1, 1972. The trial court properly applied the law in effect at the time the offenses were committed.

State v. Harrington

At the time the petition to review the decision of the Court of Appeals was allowed, this Court had not determined whether the unlawful possession and the unlawful transportation or sale of the same drug was a single or were separate offenses.

Upon arraignment, the defendant filed objections to the trial on these grounds: (1) He had not been given a preliminary hearing; (2) he was unlawfully arrested without a warrant and without probable cause and the 36 bindles of heroin were unlawfully obtained as the fruits of an illegal search and their introduction in evidence should have been suppressed; (3) the State was permitted to prosecute him for felonious possession and for felonious transportation of the same drug in violation of the double jeopardy provision of the Constitution.

The offenses involved in the indictments grew out of the following factual background: On October 31, 1971, Officer Gooch of the State Bureau of Investigation received a report from a known informer that during the day the driver of a black over yellow Oldsmobile, 1969 model, bearing North Carolina License # DL 3288, had left Thomasville, North Carolina, and would arrive at the Dunkin Donut Dinette on Roxboro Road in Durham later that day. The described driver would have in his possession 36 bindles of heroin. The officer was well acquainted with the informer, whom he knew to be reliable, and on whose information theretofore he had relied and had made approximately 50 arrests for violation of the Narcotic Drug Act, in consequence of which 35 of those reported had been convicted in court.

After receiving the report, Officer Gooch, S.B.I. Officer Cahoon, and Officer Hunter of the Durham Police Department "staked out" the Dinette. In due time, a black over yellow Oldsmobile, 1969 model, with North Carolina License # DL 3288 stopped at the Dinette. The defendant driver and a companion left the vehicle and entered the building. Officers Gooch and Hunter followed. They identified themselves as officers and Gooch stated to the defendant that he and Hunter would like to talk to him on the outside. The defendant agreed and accompanied the officers as requested.

Outside the building, Officer Gooch observed that the defendant had one hand in his pocket. When ordered to remove his hand, the defendant ran. The officers gave chase. After about fifty yards, the defendant took from his pocket an alumi-

num wrapper and threw it away. One of the officers continued the chase, overtook, and captured the defendant. The other officer retrieved the discarded aluminum wrapper which, upon examination, was found to contain 36 bindles of a substance which subsequent analysis disclosed to be heroin. After the defendant's arrest, the officers searched the Oldsmobile, found inside a pistol and "measuring spoons and other paraphernalia used in the preparing of narcotics for street use." Upon the foregoing disclosure the court overruled the motion to suppress the evidence and permitted the officers to testify before the jury in substance as above stated.

The chemist who analyzed the powder was permitted to testify that the substance was heroin.

The jury returned a verdict finding the defendant guilty on both charges. The court imposed consecutive sentences. On review, the Court of Appeals found no error in the trial.

[1] The defendant argues that the decision of the Court of Appeals should be reversed on several grounds. First, he was denied a preliminary hearing, citing as authority *Coleman v. Alabama*, 399 U.S. 1, 26 L.Ed. 2d 387, and other cases holding a preliminary hearing is a critical stage of a criminal prosecution at which the defendant is entitled to counsel. The cases, however, do not hold that a defendant, as a matter of right, is entitled to a preliminary hearing. True, if such hearing is held, the defendant is entitled to counsel. A preliminary hearing, however, is not a prerequisite to a grand jury indictment. *Gasque v. State*, 271 N.C. 323, 156 S.E. 2d 740, cert. denied 390 U.S. 1030, 20 L.Ed. 2d 288; *State v. Hairston*, 280 N.C. 220, 185 S.E. 2d 633; *State v. Foster*, 282 N.C. 189, 192 S.E. 2d 320.

After arrest on warrant or on probable cause without a warrant in felony cases (G.S. 15-41(2)) the usual procedure is a preliminary hearing before a committing magistrate at which both the State and the accused may be heard on the issue of probable cause. If probable cause is found and the offense is bailable, the amount of bond is fixed. If the arrest is on a capias after indictment, the issue of probable cause has been determined against the accused as a condition precedent to the return of the indictment. However, only the State's witnesses were heard by the grand jury and the proceeding was ex parte. If the accused desires to challenge the issue of probable cause or the amount of bail fixed, he may apply to the court for the preroga-

tive writ of habeas corpus. The hearing on the writ is adversary in which both the State and the accused may be heard and the legality of the restraint determined. The objection to the trial on the ground the defendant was not given a preliminary hearing is not sustained.

[2]   The defendant next contends the superior court committed error by permitting the State to introduce into evidence over his objection the 36 bindles of heroin which the defendant removed from his pocket and threw away while he was fleeing from the officers.

We need spend little time debating the question whether the defendant was, or was not, under arrest at the time he fled. In any event, the officers were in possession of facts sufficient to justify the arrest without a warrant. The informant had given the exact description of the vehicle—color, make, license number, and the place where the driver, with 36 bindles of heroin, would stop in Durham. The immediate arrest without warrant was amply justified under North Carolina procedure. G.S. 15-41 provides that, "A peace officer may without warrant arrest. . . . (2) When the officer has reasonable ground to believe that the person to be arrested has committed a felony and will evade arrest if not immediately taken into custody." *State v. Alexander,* 279 N.C. 527, 184 S.E. 2d 274; *State v. Harris,* 279 N.C. 307, 182 S.E. 2d 364; *Terry v. Ohio,* 392 U.S. 1, 20 L.Ed. 2d 889; *Mapp v. Ohio,* 367 U.S. 643, 6 L.Ed. 2d 1081. The contraband drug was properly introduced in evidence by the State.

The defendant and his companion voluntarily accompanied the officers outside and when Officer Gooch directed the defendant to remove his hand from his pocket, the defendant took flight. During the chase, he removed the drug from its place of concealment in his pocket and threw it away. When the officer retrieved the package, it contained the described 36 bindles of heroin. The officers came into possession of the drug after it was discarded by the defendant. Even had he kept possession, the discovery would have been lawful and the drug would have been admissible evidence as having been obtained as the result of a lawful arrest. Likewise the officers were fully authorized to search the automobile which the defendant had driven to Durham and parked at the Dinette. *Chambers v. Maroney,* 399 U.S. 42, 26 L.Ed. 2d 419; *U. S. v. Drew,* 436 F. 2d 529, cert. denied, 402 U.S. 977; *State v. Ratliff,* 281 N.C. 397, 189 S.E.

2d 179; *State v. Roberts,* 276 N.C. 98, 171 S.E. 2d 440. The defendant's motion to suppress the evidence obtained from the automobile was properly denied.

[3] The defendant stressfully contends that the two indictments involving a single package of heroin, subjected him to two prosecutions for a single offense in violation of his Fifth Amendment rights. Our decision in *State v. Cameron,* 283 N.C. 191, 195 S.E. 2d 481, filed April 11, 1973, is a complete answer to the double jeopardy contention. The decision is amply sustained by the highest authority. In *Albrecht v. United States,* 273 U.S. 1, 71 L.Ed. 505, Justice Brandeis used this language: "There is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction. . . ." In *Gore v. United States,* 357 U.S. 386, 2 L.Ed. 2d 1405, the Court said: "The fact that an offender violates by a single transaction several regulatory controls devised by Congress as means for dealing with a social evil as deleterious as it is difficult to combat does not make the several different regulatory controls single and identic." In *State v. Stonestreet,* 243 N.C. 28, 89 S.E. 2d 734, this Court said: "When an indictment charges separately the unlawful possession and unlawful transportation of intoxicating liquor, a separate judgment may be pronounced on each count."

The decision in the Cameron case contains the following, quoting from 2 Strong, N. C. Index 2d, Criminal Law § 26, pp. 517-518:

"The test of former jeopardy is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. Hence, the plea of former jeopardy, to be good, must be grounded on the 'same offense,' both in law and in fact, and it is not sufficient that the two offenses grew out of the same transaction. If evidence in support of the facts alleged in the second indictment would be sufficient to sustain a conviction under the first indictment, jeopardy attaches, otherwise not. However, if proof of an additional fact is required in the one prosecution, which is not required in the other, even though some of the same acts must be proved in the trial of each, the offenses are not the same, and the plea of former jeopardy cannot be sustained."

The charge of unlawful transportation requires the movement of the contraband "by means of any vehicle, vessel or air-

craft." Obviously, the felonious transportation involves acts not necessarily a part of, nor a requisite to, felonious possession. The defendant's objection to his conviction for both possession and transportation of narcotics and the separate sentences thereon are not sustained.

The defendant makes other objections to his trial. These were correctly decided by the Court of Appeals. The decision is

Affirmed.