STATE OF NORTH CAROLINA v. MARY MANN PATTERSON

No. 742SC125

(Filed 1 May 1974)

1. Criminal Law § 21— trial without preliminary hearing
    A defendant may be brought to trial on the basis of an indictment without the necessity of a preliminary hearing.

2. Criminal Law § 26; Narcotics § 5— possession and distribution — separate offenses — no double jeopardy
    Possession and distribution of a controlled substance are separate and distinct offenses, and a defendant may be prosecuted for both without violating the constitutional prohibition against double jeopardy.

3. Criminal Law § 88— cross-examination — civil action against another witness
    In a trial for possession and distribution of heroin, the trial court properly refused to permit defendant to ask a State's witness on cross-examination about a civil action which defendant had filed against another State's witness in a federal court.

APPEAL by defendant from Fountain, Judge, 20 August 1973 Session of Superior Court held in BEAUFORT County.

On 7 May 1973 defendant was arrested on a warrant charging her with distribution of heroin. She demanded a preliminary hearing, and one was scheduled for 31 May 1973. However, on May 21 the grand jury indicted defendant for distribution of heroin, and the preliminary hearing was not held. Subsequently defendant was also indicted for possession of heroin.

· · · ·At the trial the State presented evidence tending to show that defendant had been in possession of heroin, and that she had sold a "bundle" of it (a large packet containing 25 smaller packets of heroin) to a government undercover agent for $90.00. Defendant testified that she had never possessed or sold any illegal drugs. The jury found defendant guilty as charged, and she was sentenced to prison terms totaling 8 to 10 years. She appealed to this Court.

*Attorney General Morgan, by Associate Attorney C. Diederich Heidgerd, for the State.*

*Frazier T. Woolard for defendant appellant.*

BALEY, Judge.

[1]  Defendant contends that she was entitled to a preliminary hearing as a means of discovering the State's case against her. However, the North Carolina Supreme Court has repeatedly held that there is no constitutional right to a preliminary hearing. A defendant may be brought to trial on the basis of an indictment without the necessity of a preliminary hearing. *State v. Harrington,* 283 N.C. 527, 196 S.E. 2d 742, *cert. denied,* 38 L.Ed. 2d 249; *State v. Foster,* 282 N.C. 189, 192 S.E. 2d 320; *State v. Hackney,* 240 N.C. 230, 81 S.E. 2d 778.

[2]  The trial court did not err in allowing the State to try defendant for possession of heroin and also for distribution. Possession and distribution are separate and distinct offenses, and a defendant may be prosecuted for both without violating the constitutional prohibition against double jeopardy. *State v. Thornton,* 283 N.C. 513, 196 S.E. 2d 701; *State v. Cameron,* 283 N.C. 191, 195 S.E. 2d 481.

[3]  Among the witnesses testifying for the State were Ray Eastman and W. H. Thompson. While cross-examining Eastman, counsel for defendant asked him about a civil action which defendant had filed against Thompson in a federal court. The trial court properly excluded this question. The federal action was only remotely relevant to the issues involved in the present case, and on cross-examination the trial judge has discretion to exclude questions which are "of only tenuous relevance." 1 Stansbury, N. C. Evidence (Brandis rev.) § 35, at 108; *see State v. Robinson,* 280 N.C. 718, 187 S.E. 2d 20; *State v. Chance,* 279 N.C. 643, 185 S.E. 2d 227, *vacated and remanded on other*

*grounds,* 408 U.S. 940. Furthermore, when Thompson testified, counsel for defendant was allowed to cross-examine him about the federal lawsuit as fully as he desired.

Defendant has shown no prejudicial error at her trial.

No error.

Chief Judge BROCK and Judge PARKER concur.