State v. Crandall

━━━━━━━━━

STATE OF NORTH CAROLINA v. LINWOOD CRANDALL

No. 743SC780

(Filed 20 November 1974)

1. **Criminal Law § 7— entrapment — investigative methods of undercover agents**
    In a prosecution for possession and sale and delivery of MDA, defendant's cross-examination of State's witnesses about investigative methods used by undercover agents in the detection of crime, but which did not bear upon the specific offenses with which defendant was charged, was neither material nor relevant to the defense of entrapment.

2. **Criminal Law § 7— entrapment — necessity for inducement**
    Entrapment involves more than affording the opportunity to commit a crime; it requires inducement without which defendant would have had no criminal intent to commit the offense.

3. **Criminal Law § 7— entrapment — jury question**
    Prosecution for possession and sale or delivery of MDA was properly submitted to the jury under appropriate instructions concerning entrapment where the State's witnesses testified that an undercover agent merely agreed to purchase narcotics which defendant offered to procure and defendant claimed that he obtained the narcotics at the urgent request of a second undercover agent.

4. **Criminal Law § 21— motion for preliminary hearing**
    The trial court properly denied defendant's motion for a preliminary hearing after an indictment had been obtained.

5. **Constitutional Law § 30— speedy trial — extension of recess for another hearing**

Defendant was not denied his right to a speedy trial when the trial judge extended the noon recess until he could conduct another previously scheduled but unrelated hearing.

6. **Criminal Law § 87— leading questions**

The trial court did not abuse its discretion in permitting the State to ask leading questions on direct examination.

7. **Criminal Law § 42— chain of custody of MDA**

Exhibits and testimony identifying a white powder as MDA were properly admitted where an undercover agent testified he retained possession of the powder from the time he acquired it from defendant until he handed it over to the S.B.I., and it was retained by the S.B.I. until presented in court.

8. **Criminal Law §§ 51, 99— finding witness was expert — expression of opinion**

The trial court did not express an opinion on the evidence by finding in the presence of the jury that a witness was an expert in forensic chemistry.

9. **Criminal Law § 89— cross-examination — prior convictions — prior prison term**

State's cross-examination of a defense witness on details of prior convictions and of defendant on a previous prison term was not improper since a witness may be cross-examined as to prior convictions and defendant had already testified on direct examination that he had been in prison.

10. **Constitutional Law § 33— privilege against self-incrimination — court's rulings**

Trial court's rulings upon questions asked a defense witness concerning the witness's addiction to heroin, a plea of *nolo contendere* to a charge of distribution of heroin and prior dealings with an undercover agent were for the protection of the witness's Fifth Amendment privilege against self-incrimination and will not be disturbed on appeal.

ON *certiorari* to review Order of *Peel, Judge,* 18 March 1974 Session of Superior Court held in PITT County.

Heard in Court of Appeals 21 October 1974.

Defendant was charged in separate bills of indictment with possession and with sale and delivery of the controlled substance 3, 4-methylenedioxamphetamine or MDA on 11 January 1974 in the parking lot of College View Apartments in Greenville. He pleaded not guilty to both charges and was tried before a jury.

The State's evidence tended to show in substance that special agent James Roland Adcock of the State Bureau of In-

vestigation and Katina Wells, also employed by the S.B.I., were engaged in undercover work in connection with a drug investigation in Greenville. Shortly before midnight on 10 January 1974 Adcock and Miss Wells were seated in her automobile in a parking lot on Fifth Street when approached by defendant, Linwood Crandall. Defendant spoke to Miss Wells and got into the rear seat of the car. He told them he knew where they could get some MDA. He then went with them in the car directing them to the parking lot of College View Apartments. While en route defendant stated that the price would be $35.00 per gram. Adcock gave defendant $80.00, and defendant went into an apartment and returned with two plastic bags containing a white powder later identified as MDA which he gave to Adcock together with $10.00 in change.

Defendant presented evidence which would tend to show that earlier in the evening of 10 January 1974 Katina Wells had asked him repeatedly to get some "stuff" for her and that as a result of these requests he took her and Adcock to where he knew he could obtain some MDA. He testified he took the money from Adcock and purchased the MDA from a James Cain and delivered it to Adcock after asking Miss Wells "whether he was cool."

The jury found defendant guilty as charged. From a judgment imposing concurrent sentences of 4 to 5 years imprisonment, defendant appealed. The appeal was not docketed in apt time, and this Court granted certiorari.

*Attorney General James H. Carson, Jr., by Assistant Attorney General Rafford E. Jones, for the State.*

*James, Hite, Cavendish & Blount, by Marvin Blount, Jr., for defendant appellant.*

BALEY, Judge.

Defendant has presented numerous assignments of error to the admission or exclusion of evidence and the conduct of the trial. All of these assignments have been carefully considered, and we find no prejudicial error.

[1]    The major thrust of this appeal was directed to the defense of entrapment. Defendant sought, by cross-examination concerning prior activities of the State's witnesses while posing as members of the drug community, to demonstrate that defend-

ant had no intent to commit the offense and was induced to do so by the conduct of law enforcement officers. The cross-examination did not bear upon the specific offense with which defendant was charged, but upon the investigative methods used by undercover agents in the detection of crime. This was neither material nor relevant to the defense in this case.

[2, 3] "The conduct with which the defense of entrapment is concerned is the *manufacturing* of crime by law enforcement officials and their agents. Such conduct, of course, is far different from the permissible strategems involved in the detection and prevention of crime." *Lopez v. United States,* 373 U.S. 427, 434 (1963), *quoted in State v. Fletcher* and *State v. St. Arnold,* 279 N.C. 85, 94, 181 S.E. 2d 405, 411. The State has a right to engage in undercover work. "Criminal activity is such that stealth and strategy are necessary weapons in the arsenal of the police officer." *Sherman v. United States,* 356 U.S. 369, 372 (1958). Entrapment involves more than affording the opportunity to commit crime; it requires inducement without which defendant would have had no criminal intent to commit the offense. *See* Annot., 33 A.L.R. 2d 883 (1954); 2 Strong, N. C. Index 2d, Criminal Law, § 7, pp. 487-88. The State's witnesses here testified that Adcock merely agreed to purchase narcotics which defendant offered to procure. Defendant claims that he obtained the narcotics at the urgent request of the State's witness. Upon conflicting testimony the case was submitted to the jury under appropriate instructions from the trial court concerning entrapment, instructions which are not challenged by defendant. The jury accepted the State's version of the facts.

[4] Defendant assigns as error the denial of his motion for preliminary hearing after indictment had been obtained. The rule as to the right of a defendant to a preliminary hearing is well stated in *State v. Foster,* 282 N.C. 189, 196, 192 S.E. 2d 320, 325:

> "Neither the North Carolina nor the United States Constitution requires a preliminary hearing. A preliminary hearing is not a necessary step in the prosecution of a person accused of crime, and an accused person is not entitled to a preliminary hearing as a matter of substantive right."

*See also State v. Thornton,* 283 N.C. 513, 196 S.E. 2d 701; *State v. Harrington,* 283 N.C. 527, 196 S.E. 2d 742, *cert. denied,* 414 U.S. 1011 (1973). Defendant made no request for discovery and

has shown no prejudice from the denial of his motion for a preliminary hearing.

[5] Defendant contends that the court erred in interrupting the continuity of the trial by extending the noon recess until he could conduct another previously scheduled but unrelated hearing. Defendant claims that such a break in the trial is as much a denial of the fundamental right to a speedy trial as an unwarranted delay in the commencement of a trial. We do not agree. In discharging his duty to control the conduct of the trial to prevent injustice to any party, the trial court has broad discretionary powers. Certainly the interruption of a trial for the purpose of expediting other court matters would be well within the discretion of the judge, and, absent a positive showing that defendant was prejudiced in a material way, such an interruption would not deprive defendant of his right to a speedy trial. There is no indication that defendant suffered any prejudice from the delay in resuming the trial after the noon recess.

[6] Defendant complains that the court allowed the State to use leading questions on direct examination. Permitting leading questions on direct examination is a matter within the discretion of the trial court and not reviewable on appeal, absent a showing of abuse of discretion which does not here appear. *State v. Clanton*, 278 N.C. 502, 180 S.E. 2d 5; *State v. Painter*, 265 N.C. 277, 144 S.E. 2d 6.

[7, 8] Defendant challenges the admission of exhibits and testimony identifying the white powder as MDA. Agent Adcock testified that he retained possession of the powder throughout the forty-five minute interval between the time he acquired it from defendant and the time he handed it over to the S.B.I. It was retained by the S.B.I. until presented in court. The evidence was properly admitted. Defendant further contends that the trial court violated G.S. 1-180 by finding in the presence of the jury that a witness was an expert in forensic chemistry. This is simply a ruling upon the qualifications of the witness to testify as to his opinion and is not error. *State v. Frazier*, 280 N.C. 181, 185 S.E. 2d 652, *vacated and remanded on other grounds*, 409 U.S. 1004 (1972).

[9] Defendant assigns error in the State's cross-examination of a defense witness on details of prior convictions and of defendant himself on a previous prison term. Prior convictions are a proper subject for cross-examination. *State v. Miller*, 281

N.C. 70, 187 S.E. 2d 729; *State v. Gainey,* 280 N.C. 366, 185 S.E. 2d 874; 1 Stansbury, N. C. Evidence (Brandis rev.), § 112. Furthermore, defendant had already testified on direct examination that he had been in prison. He cannot have been prejudiced by the reference on cross-examination.

[10] Defendant makes several assignments of error in the court's rulings during testimony of a defense witness. The questions concerned the witness's addiction to heroin, a plea of nolo contendere to a charge of distribution of heroin, and prior dealings with Miss Wells. In excluding the testimony the court was merely protecting the witness's Fifth Amendment privilege against self-incrimination. His rulings on whether the responses would be incriminating will not be disturbed on appeal. *See generally* 1 Stansbury, *supra,* § 57.

G.S. 90-95(a)(1) under which defendant was prosecuted makes it unlawful for any person "(1) To manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance." The indictment charged that defendant "did sell and deliver." Defendant was also charged under G.S. 90-95(a) with the possession of a controlled substance. The instruction of the court related to both offenses: possession and sell or deliver. The jury returned a verdict in both offenses "guilty as charged." Defendant received concurrent sentences of 4 to 5 years on each of the two charges. Both sentences were within statutory limits. We do not perceive how defendant could have been prejudiced since either of the offenses for which he was convicted would support the sentence imposed. There was ample evidence to find that he was guilty of both sale and delivery, but he was only sentenced as if it were a single offense.

Defendant has been accorded a vigorous defense in a fair trial free from prejudicial error.

No error.

Judges MORRIS and HEDRICK concur.