STATE OF NORTH CAROLINA v. KENNETH CALVIN ANDERSON

No. 7518SC346

(Filed 17 September 1975)

1. Criminal Law § 26; Narcotics § 5— possession and sale of heroin — no double jeopardy

    The trial of defendant for both possession and sale of the same heroin did not place defendant in double jeopardy.

2. Criminal Law § 128— answer of witness — motion for mistrial

    In a prosecution for possession and sale of heroin, the trial court did not err in the denial of defendant's motion for mistrial when a State's witness, in response to a question as to why she was working with an undercover agent, stated that she "got real sick of a lot of (her) friends dying."

3. Narcotics § 3— chain of custody of heroin

    The chain of custody of a powdery substance purchased from defendant by an undercover agent and analyzed and identified as heroin was sufficiently shown to permit the admission of the substance into evidence.

APPEAL by defendant from *Crissman, Judge.* Judgment entered 10 December 1974 in Superior Court, GUILFORD County. Heard in the Court of Appeals 27 August 1975.

In a two-count indictment, defendant was charged with (1) possessing heroin and (2) selling and delivering heroin on 26 March 1974. In another two-count indictment, he was charged

State v. Anderson

with (1) possessing heroin and (2) selling and delivering heroin on 30 March 1974. The cases were consolidated for trial.

Evidence presented by the State is briefly summarized as follows: SBI Undercover Agent W. M. Riggsbee testified that he saw defendant at a Greensboro residence on 26 March 1974 and purchased 13 bags of a white powdery substance represented by defendant to be heroin; that he returned to the residence on 30 March 1974 and purchased 15 bags of a white powdery substance from defendant; and that on each occasion he packaged the bags, mailed them to the State Bureau of Investigation in Raleigh and received them back through the mail. The bags and contents were introduced as exhibits. Teresa Dominick testified that she was working with Riggsbee in March 1974 and that she went with him to defendant's residence on 26 and 30 March 1974. SBI Chemist Jerry M. Dismukes testified that he received one of the mailing envelopes from Riggsbee and delivered it to Dr. Charles H. McDonald, a chemist for the SBI. Dr. McDonald testified that he received each of the envelopes mailed by Riggsbee, that he analyzed the substances in several bags taken at random from each envelope, that he determined the substances to be heroin, and that he mailed the contents back to Riggsbee.

On cross-examinaton Dr. McDonald explained the five tests which he conducted on the substances. He admitted that none of the first four tests could, by itself, specifically identify heroin and stated that the fifth test involved comparison of the substances with a sample of known heroin which he had prepared. He testified that the combination of the five tests yielded a specific answer that the substance was heroin.

Defendant's only evidence consisted of the testimony of Dr. Robert Shapiro, a chemist, who testified that the method by which Dr. McDonald claimed to have produced his known sample of heroin for the fifth test would not yield pure heroin. He opined that Dr. McDonald had not identified the substances as heroin.

A jury found defendant guilty as charged and from judgments entered on the verdicts, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Joan H. Byers, for the State.*

*Ellis J. Harrington, Jr., Assistant Public Defender Eighteenth Judicial District, for defendant appellant.*

BRITT, Judge.

[1] By his first assignment of error defendant contends the trial court erred in denying his motions to quash the sale and delivery counts in the bills of indictment as constituting double jeopardy. The assignment is without merit. As conceded by defendant, this question has been answered adversely to his position in several recent opinions of this court and the Supreme Court including *State v. Cameron,* 283 N.C. 191, 195 S.E. 2d 481 (1973), *State v. Thornton,* 283 N.C. 513, 196 S.E. 2d 701 (1973), and *State v. Patterson,* 21 N.C. App. 443, 204 S.E. 2d 709 (1974). We adhere to those opinions and the assignment of error is overruled.

[2] By his second assignment of error, defendant contends the court erred in denying his motion for a mistrial. This assignment relates to an answer given by the witness Teresa Dominick to a question asked by the district attorney. In response to a question as to why she was working with Riggsbee, the witness stated: "Well, I got real sick of a lot of my friends dying." At that point, defense counsel objected, moved to strike and moved for a mistrial. The trial judge declared that he did not hear what the witness said and doubted if the jury heard her answer. Counsel's request to be heard in the absence of the jury was granted, but the motion for a mistrial was denied. When the jury returned to the box, the court gave the following instruction: "Members of the Jury, if you heard any statement that she made in response to the last question that was asked by the District Attorney, just eliminate it from your minds and not consider it in connection with this trial at all."

We find no merit in the assignment. It is well settled that the granting of a motion for a mistrial rests largely in the discretion of the trial judge. *State v. Jarrette,* 284 N.C. 625, 202 S.E. 2d 721 (1974); *State v. McVay* and *State v. Simmons,* 279 N.C. 428, 183 S.E. 2d 652 (1971). We perceive no abuse of discretion here. Furthermore, it will be noted that defendant did not object to the question. The assigment of error is overruled.

[3] By his third assignment of error, defendant contends the court erred in admitting State's exhibits 1 and 5, the powdery substance alleged to have been heroin, arguing that a complete "chain of custody" was not established. No useful purpose would be served in reviewing here the evidence with respect to the chain of custody. Suffice it to say, we have carefully reviewed

State v. Anderson

the evidence on this point and conclude that it established a complete chain. The assignment of error is overruled.

In his fourth and seventh assignments of error, defendant contends the court erred in "tolerating the district attorney's attempt to shift the burden of proof in the case" and in permitting the district attorney to make improper argument to the jury. We have reviewed the record with respect to these assignments and finding them without merit, they are overruled.

Assignments of error 5, 6, 8, and 9 relate to certain jury instructions which defendant requested but the court did not give and certain instructions which the court did give. We have carefully considered these assignments and find them to be without merit, therefore, they are overruled.

Finally, by his tenth assignment of error, defendant contends the court erred in failing to grant his motion for nonsuit and in signing and entering the judgments as appear of record. We hold that the evidence was sufficient to survive the nonsuit motion and the judgments are fully supported by the verdicts and impose sentences within the limits provided by statute.

Defendant received a fair trial, free from prejudicial error.

No error.

Judges HEDRICK and MARTIN concur.