STATE OF NORTH CAROLINA v. ROOSEVELT ROBINSON

No. 8

(Filed 15 March 1972)

1. **Criminal Law § 169— failure of record to show excluded testimony**

   Where the record fails to show what the witnesses would have testified had they been permitted to answer questions objected to, the exclusion of such testimony is not shown to be prejudicial.

2. **Kidnapping § 1— past relationships with State's witnesses — exclusion of testimony**

   In this prosecution for kidnapping, testimony excluded by the court as to defendant's past relationships with the prosecutrix and with another State's witness would not have destroyed the witnesses' credibility or produced such a connotation of consent as would have affected the result of the trial.

APPEAL by defendant from *Bailey, J.,* at 9 August 1972 Session of CUMBERLAND Superior Court.

Defendant, charged with kidnapping, entered a plea of not guilty.

Elizabeth Bell, testifying for the State, stated that on 17 June 1971, about 6:15 p.m., she and Diane Peavy were in front of a trailer where they lived with one Kelly Anderson. At that time defendant and Kenneth Williams drove up to the trailer, and she and Diane went inside and locked the door. She was afraid of defendant because he had threatened her. Defendant came up to the trailer and ordered Elizabeth Bell to come out. At that time Kenneth Williams went back to the car and obtained a .38 pistol which he handed to defendant. Defendant then threatened to shoot his way into the trailer if she did not come out. Kenneth Williams discovered her as she attempted to slip out the back door and defendant, still armed with the pistol, ran up to her, struck her, and he and Williams forced her into the back seat of a two-door car. She did not consent to go with defendant.

Defendant then took her to a house in Fayetteville, where he beat her with his fist and whipped her with two wire coat hangers. He intermittently beat her until members of the Cumberland County Sheriff's Department arrived at the house.

Diane Peavy corroborated the testimony of Elizabeth Bell as to the events which took place at the trailer. She further testified that she slipped out of the trailer and called the police.

Deputy Sheriff Doug Colpaert testified that he saw Elizabeth Bell around 10:00 o'clock p.m. on 17 June 1971, and that she had bruises and welts on her head and a substantial bruise on her leg. Written statements made by Elizabeth Bell and Diane Peavy were identified by Sheriff Colpaert and admitted into evidence. These statements tended to corroborate the testimony of both Elizabeth Bell and Diane Peavy.

Defendant testified that he went to the trailer where Elizabeth Bell lived on 17 June 1971 and that she voluntarily and willingly got into his car and left with him and Kenneth Williams. He admitted that he slapped her on the face but denied that he otherwise beat her. He testified that he did not own a pistol or have one in his possession on 17 June 1971. He further stated that he went to the trailer as a result of a written invitation from Elizabeth Bell. He first met Elizabeth Bell in Fort Lauderdale, Florida, and at that time she was a prostitute. On cross-examination defendant stated that he did not know the whereabouts of Kenneth Williams or the letter of invitation.

Defendant also offered the testimony of Dottie Pritchard, who stated that Defendant, Kenneth Williams, and Elizabeth Bell came into her living room on 17 June 1971 and that she saw defendant slap Elizabeth one time. On cross-examination she stated that Elizabeth Bell asked her not to let defendant hurt her, and that she (Dottie Pritchard) told defendant that there would be no fights in her house.

The jury returned a verdict of guilty of kidnapping. Defendant appealed from judgment imposing a sentence of life imprisonment.

*Attorney General Morgan and Assistant Attorney General James E. Magner, Jr., for the State.*

*Sol G. Cherry, Public Defender, for defendant.*

PER CURIAM.

Defendant's only assignments of error are that the trial judge erred in sustaining the State's objection to cross-examination of State's witnesses Elizabeth Bell and Diane Peavy concerning their past relationships with defendant, and by sustaining the State's objection to his testimony concerning his past relationship with witness Elizabeth Bell. He contends that such

testimony would indicate that Elizabeth Bell consented to accompany him at the time of the alleged kidnapping. Obviously, he also seeks to attack the credibility of the witnesses.

[1]  The record does not show what the State's witnesses or defendant would have said had they been permitted to answer the questions. Therefore we cannot know whether the rulings were prejudicial. The burden is on appellant not only to show error but to show *prejudicial error*. *State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416; *State v. Jones,* 249 N.C. 134, 105 S.E. 2d 513; *State v. Poolos,* 241 N.C. 382, 85 S.E. 2d 342.

Defendant's only citations of authority establish the fact that a wide latitude is allowed in cross-examination. 7 Strong's, N. C. Index 2d, Witnesses, § 8, p. 703; *State v. King,* 224 N.C. 329, 30 S.E. 2d 230. It is noted that the citation from *Strong* also recites the well recognized rule that the latitude of cross-examination rests largely in the trial court's discretion.

[2]  There is plenary evidence in this case to show that defendant forcibly and, against her will, took Elizabeth Bell from her home and carried her to another residence in the City of Fayetteville.

Under the circumstances of this case we cannot imagine any relationship which might have existed between defendant and the female witnesses which would have so destroyed the witnesses' credibility or produced such a connotation of consent as would have affected the result of this trial. *State v. Temple,* 269 N.C. 57, 152 S.E. 2d 206; *State v. Woolard,* 260 N.C. 133, 132 S.E. 2d 364. Certainly, there is no relationship which would justify defendant's alleged conduct.

We have carefully examined this entire record and we are unable to discover any prejudicial error.

No error.