STATE OF NORTH CAROLINA v. CLAUDE GOODSON

No. 7315SC359

(Filed 23 May 1973)

1. **Criminal Law § 169— failure of record to show excluded testimony**
   The exclusion of testimony cannot be held prejudicial where the record fails to show what the witnesses would have testified had they been permitted to answer.

2. **Criminal Law § 99— admonishing defendant in absence of jury — absence of prejudice**
   Defendant was not prejudiced when the trial court, in the absence of the jury, admonished defendant to answer questions of the solicitor, and to avoid getting "smart" and "bad mouthing" the solicitor.

APPEAL by defendant from *Cooper, Judge,* at the 16 October 1972 Session of ALAMANCE Superior Court.

By indictment proper in form defendant was charged with (1) feloniously breaking or entering the home of one Lewis and (2) felonious larceny of personal property of the value of $1,978 pursuant to the breaking or entering.

Principal testimony against defendant was provided by two alleged accomplices, Teresa Ellison (Ellison) and Billy Gene Phillips (Phillips). A jury found defendant guilty of the charges and from judgment imposing prison sentences aggregating sixteen years, defendant appealed.

*Attorney General Robert Morgan by Claude W. Harris, Assistant Attorney General, for the State.*

*John D. Xanthos for defendant appellant.*

BRITT, Judge.

[1]  By assignments of error Nos. 4, 5 and 8, defendant contends the court erred in sustaining the solicitor's objections to certain questions asked Ellison and Phillips by defense counsel on cross-examination and one question asked defendant on direct examination. The assignments have no merit.

The record does not show what the witnesses would have said had they been permitted to answer the questions, therefore, we cannot know whether the rulings were prejudicial. The burden is on an appellant not only to show error but to show prejudicial error. *State v. Robinson,* 280 N.C. 718, 187 S.E. 2d 20 (1972); *State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416 (1969). Furthermore, the information sought by several of the questions was provided in other parts of the testimony. The assignments of error are overruled.

[2]  By his assignment of error No. 9, defendant contends that the trial court committed prejudicial error "in remonstrating with the defendant during the trial when there was no reason for such remonstration." The incident complained of occurred while defendant was on the witness stand and was being cross-examined. During the course of the cross-examination, the court sent the jury to their room and then admonished the solicitor and defense counsel as to how they should conduct themselves. The court then admonished the defendant to answer questions of the solicitor, avoid getting "smart" and "bad mouthing" the solicitor. This assignment has no merit.

It is well settled that it is the duty of the presiding judge to supervise and control the trial to prevent injustice to either party. 7 Strong, N. C. Index 2d, Trial, § 9, pp. 266, 267. The incident complained of occurred in the absence of the jury and we are unable to perceive any prejudice to defendant. The assignment of error is overruled.

We have carefully considered the other assignments of error brought forward and argued in defendant's brief but finding them without merit, they too are overruled.

No error.

Judges CAMPBELL and HEDRICK concur.