STATE OF NORTH CAROLINA v. JOSEPH SCARBOROUGH

No. 735SC124

(Filed 6 February 1974)

1. Criminal Law §§ 34, 67— testimony that victim had heard same voice on other occasions

In a common-law robbery prosecution, the victim was properly allowed to testify that the voice he heard on the night in question was the same voice he had heard on previous occasions; furthermore, such testimony, when considered in conjunction with the victim's previous unresponsive testimony that defendant had "hijacked" him twice, did not constitute impermissible evidence of an unrelated crime where the court sustained defendant's objection to the unresponsive testimony and ordered the victim to conform his replies to the questioning.

2. Criminal Law § 169— failure of record to show excluded testimony

Where the record fails to show what the answer of the witness would have been had she been permitted to answer the question objected to, the exclusion of the answer cannot be held prejudicial.

3. Criminal Law §§ 34, 86— sexual deviation by prosecuting witness — bias toward defendant

Although testimony by defendant in a robbery case that he had found the prosecuting witness performing a deviate sexual act with a child may have been admissible to demonstrate the witness's bias against defendant, the exclusion of such testimony did not result in prejudicial error where defendant was thereafter permitted to testify that at a later date the prosecuting witness had approached him with a proposition and offered him money and that defendant threatened to report the prosecuting witness to the police, since the jury was thus alerted that the prosecuting witness's testimony might have been motivated by vindictive sexual frustration.

4. Robbery § 5— common law robbery — instructions on intent

Although the trial court in a prosecution for common law robbery failed to label the requisite state of mind as "felonious intent," the court adequately instructed the jury on such element when it charged that in order to convict defendant the jury must find that at the time defendant "intended to deprive him of its use permanently."

5. Criminal Law § 117— instructions — scrutiny of defendant's testimony

The court did not err in instructing the jury that, when evaluating defendant's testimony, it "ought to take in consideration the interest that the defendant has in the result of the action," where immediately thereafter the court cautioned the jury that if it found defendant had sworn to the truth, it should give his testimony the same weight it would give to that of any disinterested and unbiased witness.

ON *Certiorari* to review order of *Wells, Judge,* 27 March 1972 Session of Superior Court held in NEW HANOVER County.

Defendant was charged in indictment, proper in form, with common-law robbery of Robert Harold. He pled not guilty. The State offered evidence, primarily through the testimony of Robert Harold, tending to show that at about 8:30 p.m., 12 February 1972, in Wilmington, N. C., Robert Harold, age 61, left the Soul Cafe to walk unaccompanied through the rain to his residence about a block away. As he passed the old Liberty Cafe, Harold was struck on the side of the face and fell to the ground, momentarily unconscious. Harold regained consciousness but remained physically immobile and was dragged by the back of his collar about 25 feet into an alley, where he was rolled over onto his back and a handkerchief containing approximately $9.50 in bills and coins was removed from his pocket. When his assailant stood up, Harold "had a good look at his face, and it was Joseph Scarborough." The defendant then struck Harold again and left. Throughout these events, Harold had heard the defendant's orders, curses and threats. Defendant offered evidence tending to show that throughout the evening of 12 February 1972 he had been sick with flu at his fiancee's mother's house where he rented a room. The jury returned a verdict of guilty as charged and judgment was imposed sentencing defendant to prison for a term of five years with recommendation that he serve such sentence under work release.

*Attorney General Robert Morgan by Assistant Attorney General Parks H. Icenhour for the State.*

*David A. Nash for defendant appellant.*

PARKER, Judge.

[1]   Three of defendant's assignments of error concern the admission or exclusion of testimony. Defendant's first assignment of error challenges the following testimony given by prosecuting witness Harold on redirect examination:

"The voice that you heard on this night that you have described, is this the same voice you said you had heard on previous occasions?

"[Defense Counsel] : Objection.

"COURT: Overruled.

"[Harold] : Yes."

State v. Scarborough

This question, designed to strengthen Harold's identification of Scarborough as his assailant by demonstrating his familiarity with Scarborough's voice at the time of the robbery, which Harold had indicated upon cross-examination, was clearly relevant to the issues at trial. The contention set forth in appellant's brief—that this testimony, in conjunction with the witness's previous testimony upon cross-examination wherein he "was allowed to testify over objection by the defendant's attorney that the defendant had hijacked him on two previous occasions," constituted impermissible evidence of an unrelated crime—is without merit. The record reveals that upon cross-examination, Harold was asked:

> "[Defense Counsel] : But you said that you recognized him by his voice?
>
> "[Harold] : But I figured you were coming to that. Judge, Your Honor, this man hijacked me twice.
>
> "[Defense Counsel] : Object, Your Honor.
>
> "COURT: Objection is sustained. You answer his question."

The trial court correctly sustained defense counsel's objection to Harold's unresponsive answer, ordered Harold to conform his replies to the questioning, and presumably would have granted a subsequent motion to strike the unexpected testimony had defendant so moved. In these circumstances, we find no merit to this assignment of error.

[2]   Next, defendant contends that he should have been permitted to ask defense witness Rebecca Gore, "Do you know [Harold's] character in the community?" We need not consider whether the trial court erred in sustaining the solicitor's objection to the question. Since the record fails to disclose what the witness's answer would have been, exclusion of the answer cannot be held prejudicial. State v. Robinson, 280 N.C. 718, 187 S.E. 2d 20. This assignment of error is overruled.

[3]   Defendant next assigns error in the trial court's refusal to allow· defendant to testify with respect to prior encounters with the prosecuting witness Harold. Upon direct examination, defendant testified:

> "[Scarborough] : I have had a couple of run-ins before with Mr. Harold. Briefly after I came home from prison

last year, I was at the Soul Cafe with a group of other people, and they called my attention to Mr. Harold, who was behind the old Nixon Supermarket. I went around there and found him performing a deviate sexual act with a child.

"[Solicitor] : I object to this and ask that it be stricken.

"[Court] : Objection is sustained."

This testimony may very well have been relevant to demonstrate Harold's bias against the defendant. We think, however, that its exclusion did not result in prejudicial error. Immediately after the trial court sustained the solicitor's objection to this line of questioning the defendant was permitted to testify:

"Well, omitting that, we had harsh words on that occasion. At a later date, my cousin and I were coming down the street and Mr. Harold approached me with a proposition, which I stated to him was not my type of thing. He offered me money and I still told him no, and told him that the next time we had a run-in about this I would report him to the police."

Thus, the jury was alerted to the possibility that the prosecuting witness's testimony might have been motivated by vindictive sexual frustration.

Defendant next assigns error in the failure of the trial court to grant his motions for nonsuit and to set aside the verdict as against the weight of the evidence. Viewed in the light most favorable to the State and giving the State the benefit of all reasonable inferences arising therefrom, the evidence was clearly strong enough to warrant submission to the jury. This being so, we similarly find no reviewable abuse of discretion in the subsequent denial of defendant's motion to set aside the verdict. This assignment of error is also overruled.

[4, 5] Finally, defendant contends error in two portions of the jury charge. First, defendant assigns error in the failure of the trial court to instruct the jury that the taking of personal property with "felonious intent" is an essential element of common-law robbery and to explain and define "felonious intent." Reading the charge as a whole, however, the trial court adequately instructed the jury on this critical element. In delineating the elements of common-law robbery, the trial court

charged the jury that it must find "[f]ourth, that at the time the defendant Mr. Scarborough intended to deprive him of its use permanently," and repeated this at the close of the charge. The jury was well apprised of the state of mind required for conviction. The mere fact that the trial court failed to label its definition of the requisite state of mind "felonious intent" does not constitute error. See *State v. Lee,* 282 N.C. 566, 193 S.E. 2d 705. Finally, defendant suggests that the trial court committed an impermissible expression of opinion when it charged the jury that, when evaluating Scarborough's testimony, it "ought to take in consideration the interest that the defendant has in the result of the action." However, immediately following the challenged instruction the court cautioned the jury that if they found the defendant had sworn to the truth, they should give his testimony the same weight they would give to that of any disinterested or unbiased witness. When so qualified, the challenged portion of the charge has been held to be without error. *State v. Barrow,* 276 N.C. 381, 172 S.E. 2d 512, and cases cited therein. Defendant's assignments of error concerning the jury charge are without merit. In the trial and judgment imposed we find

No error.

Judges BRITT and MORRIS concur.