STATE OF NORTH CAROLINA v. CHARLES LEWIS HARMON

No. 746SC171

(Filed 15 May 1974)

1. **Criminal Law § 66—in-court identification of defendant — observation at crime scene as basis**

   The trial court did not err in allowing an in-court identification of defendant where the evidence on *voir dire* indicated that the victim looked directly into the face of defendant when he was robbed, the victim picked defendant's photograph out of a group shown him by police, the photographic identification procedure was carried out properly and without undue suggestiveness, and, regardless of any possible defects in the photographic identification, the victim's in-court identification testimony was based on the original observation of defendant at the time of the robbery.

2. **Criminal Law § 88— cross-examination — limitation proper**

   The trial court acted within its discretion in limiting defendant's cross-examination of the robbery victim where the questions asked were of doubtful relevance either to the issue of guilt or innocence or for purposes of impeachment.

3. **Assault and Battery § 16; Robbery § 5— armed robbery — assault with deadly weapon — failure to submit lesser degrees of crime — no error**

   In a prosecution for armed robbery and assault with a deadly weapon with intent to kill inflicting serious injury, the trial court did not err in failing to instruct the jury on the lesser included offenses of common law robbery, larceny from the person, and simple assault, though the State offered no evidence specifically indicating that defendant used a deadly weapon, since the uncontradicted evidence showed that the victim was cut severely, and such a wound could not have been inflicted except by the use of a knife or other deadly weapon.

4. **Robbery § 5— armed robbery — felonious taking — instruction on state of mind**

   Trial court's instruction in an armed robbery case that to find defendant guilty the jury must find that at the time of the taking defendant intended to deprive the victim of the use of the property permanently and that defendant knew he was not entitled to take the property was a sufficient description of the state of mind which is necessary to commit the crime of armed robbery, and it was not necessary that the court use the words "felonious taking" in its instruction.

APPEAL by defendant from *Rouse, Judge,* 8 October 1973 Session of Superior Court held in HERTFORD County.

Defendant was indicted for armed robbery and for assault with a deadly weapon with intent to kill inflicting serious injury. The State's evidence tended to show that on the night of 3 May 1973 defendant stabbed Robert Edwin Hall in the stomach and removed a wallet containing $530 from Hall's pocket. Because of the injuries inflicted by defendant, Hall was hospitalized for ten days, and nineteen stitches were taken in his stomach.

Defendant testified that he had not robbed or stabbed Hall. The jury found defendant guilty of armed robbery and assault with a deadly weapon inflicting serious injury. From judgment imposing a prison sentence of 28 to 30 years, defendant appeals.

*Attorney General Morgan, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Cherry, Cherry and Flythe, by Thomas L. Cherry and Ernest L. Evans, for defendant appellant.*

BALEY, Judge.

[1] The identification of defendant was the principal point at issue in the trial court. The victim, Robert Edwin Hall, testified that the defendant was the man who robbed and stabbed him. Defendant contends that this identification testimony should not have been admitted. "When the admissibility of in-court identification testimony is challenged on the ground it is tainted by out-of-court identification(s) made under constitutionally impermissible circumstances, the trial judge must make findings as to the background facts to determine whether the proferred testimony meets the tests of admissibility. When the facts so found are supported by competent evidence, they are conclusive on appellate courts." *State v. McVay,* 277 N.C. 410, 417, 177 S.E. 2d 874, 878; *accord, State v. Taylor,* 280 N.C. 273, 185 S.E. 2d 677; *State v. Smith,* 278 N.C. 476, 180 S.E. 2d 7. In this case the court complied fully with the requirements of the *McVay* case. A voir dire hearing was held, and at the conclusion of the hearing the court made findings of fact. In these findings of fact the court stated that Hall looked directly into the face of defendant when he was robbed; that after the robbery, a police officer showed Hall a group of photographs,

and Hall picked out a photograph of defendant; that this identification procedure was carried out properly and without undue suggestiveness; and that regardless of any possible defects in the photographic identification procedure, Hall's in-court identification testimony was based on his original observation of defendant at the time of the robbery. These findings of fact are amply supported by the evidence, and they fully justify the court's decision to admit the identification testimony into evidence.

[2]   The trial court sustained objections to questions by defense counsel on cross-examination of Hall, but there are no answers placed in the record from which any determination of possible prejudice could be made. The questions were of doubtful relevance either to the issue of guilt or innocence or for purposes of impeachment. The court was clearly within its discretion in limiting cross-examination when it sustained these objections. 1 Stansbury, N. C. Evidence (Brandis rev.) §§ 35, 42; *Potts v. Howser,* 274 N.C. 49, 161 S.E. 2d 737; *Foxman v. Hanes,* 218 N.C. 722, 12 S.E. 2d 258.

[3]   Defendant argues that since the State offered no evidence specifically indicating that defendant used a deadly weapon, the court should have instructed the jury on the lesser included offenses of common law robbery, larceny from the person and simple assault. The uncontradicted evidence shows that the victim, Hall, was cut severely, and that nineteen stitches were required to close the wound. Obviously, such a severe injury could not have been inflicted except by the use of a knife or other deadly weapon, and therefore the court acted properly in refusing to charge on the lesser included offenses.

[4]   Defendant asserts that the trial court failed to instruct the jury properly on "felonious taking." "Felonious taking" is an essential element of the crime of armed robbery, and it means " 'a taking with the felonious intent on the part of the taker to deprive the owner of his property permanently and to convert it to the use of the taker.' " *State v. Mundy,* 265 N.C. 528, 530, 144 S.E. 2d 572, 574. In every armed robbery case the judge must instruct the jury on this element of the crime, but he need not use the specific words "felonious taking"; he is only required to describe in accurate terms the state of mind necessary for the crime. *Id.; State v. Spratt,* 265 N.C. 524, 144 S.E. 2d 569. In this case the court charged as follows:

"For you to find the defendant guilty of robbery with a dangerous weapon, the State must prove seven things beyond a reasonable doubt.

\* \* \*

"Fourth, that at the time of the taking [of Hall's property], the defendant intended to deprive him of its use permanently.

"Fifth, the defendant knew he was not entitled to take the property."

This is a sufficient description of the state of mind which is necessary to commit the crime of armed robbery. *State v. Scarborough,* 20 N.C. App. 571, 202 S.E. 2d 358.

The other assignments of error concerning the summarizing of evidence and instructions in the charge have been carefully considered and determined to be without merit.

Defendant has received a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge PARKER concur.