STATE OF NORTH CAROLINA v. LOUIS GUNN

No. 7427SC920

(Filed 5 February 1975)

**1. Criminal Law § 86— cross-examination of prosecuting witness**

In a prosecution for feloniously discharging a firearm into an occupied dwelling, the trial court did not abuse its discretion in refusing to allow defense counsel to ask the prosecuting witness on cross-examination whether he had been putting out feelers to see if defendant would pay him some money since it is not clear that an affirmative response would have directly challenged the credibility of the witness.

**2. Assault and Battery § 15— discharging firearm into occupied dwelling — intoxication — instructions**

In a prosecution for feloniously discharging a firearm into an occupied dwelling, the trial court did not err in failing to relate the defense of intoxication to "wanton" conduct where the court explained the meaning of a "wilful" and a "wanton" act, told the jury that in order to find defendant guilty it must find that he acted "intentionally," and further instructed that such intent could be negated by the voluntary intoxication of defendant.

APPEAL by defendant from *Tillery, Judge,* 22 July 1974 Session of Superior Court held in GASTON County. Heard in the Court of Appeals on 14 January 1975.

This is a criminal prosecution wherein the defendant, Louis Gunn, was charged in a bill of indictment, proper in form, with feloniously discharging a firearm into an occupied dwelling in violation of G.S. 14-34.1.

The State offered evidence tending to show, among other things, that at approximately 11:45 p.m. on 8 October 1973 the

defendant, armed with a .38 caliber pistol, fired four times into a dwelling occupied by Terry Pruitt, Cindy Campbell, and Crystal Gann. The defendant testified in his own behalf that he did not own a .38 pistol and that he was so intoxicated on the day in question that he had no recollection of his actions after one o'clock in the afternoon.

The jury returned a verdict of "guilty as charged" and the trial court sentenced the defendant to a jail term of two (2) years. Defendant appealed.

*Attorney General Edmisten by Associate Attorney James E. Delany for the State.*

*Childers and Fowler by Max L. Childers and Henry L. Fowler, Jr., for defendant appellant.*

HEDRICK, Judge.

[1]    On the cross-examination of the prosecuting witness, Terry Pruitt, the trial court sustained an objection by the State to the following question:

"Q. And I'll ask you if you haven't been putting out feelers to see if Louis wouldn't pay you some money, isn't that right?"

Defendant contends this was prejudicial error as he was attempting to establish bias on the part of the State's witness. We do not agree.

Although wide lattitude is allowed a defendant on cross-examination to show the bias or hostility of a State's witness against the defendant, the trial judge does have some discretion to confine the cross-examination within reasonable limits. *State v. Carey*, 285 N.C. 497, 206 S.E. 2d 213 (1974). In the case at bar, the record does not disclose what Pruitt would have said had he been permitted to answer the question. Furthermore, based upon the issues involved in the case, it is not at all clear whether an affirmative response would have directly challenged the disinterestedness or credibility of the State's witness. *State v. Carey, supra.* Therefore, we are unwilling to say that the trial judge abused his discretion. The burden is on appellant not only to show error but to show prejudicial error. *State v. Robinson*, 280 N.C. 718, 187 S.E. 2d 20 (1972). See also, *State v. Chance*, 279 N.C. 643, 185 S.E. 2d 227 (1971), vacated and remanded on other grounds, 408 U.S. 940.

[2] Defendant also contends the trial court erred in its instructions to the jury with respect to his defense of intoxication in that the court only related the defense to an intentional or willful shooting and not to a shooting arising from *wanton* conduct on the part of the defendant. He, therefore, argues that the trial judge permitted the jury to find him guilty without determining whether he had the specific intent to discharge a firearm into an occupied dwelling. We do not agree.

G.S. 14-34.1 provides: "Any person who *wilfully or wantonly* discharges a firearm into or attempts to discharge a firearm into any building . . . while it is occupied is guilty of a felony punishable as provided in § 14-2." [Emphasis ours.]

> "The attempt to draw a sharp line between a 'wilful' act and a 'wanton' act in the context of G.S. 14-34.1 would be futile. The elements of each are substantially the same.
>
> We hold that a person is guilty of the felony created by G.S. 14-34.1 if he intentionally, without legal justification or excuse, discharges a firearm into *an occupied building* with knowledge that the building is then occupied by one or more persons or when he has reasonable grounds to believe that the building might be occupied by one or more persons." *State v. Williams*, 284 N.C. 67, 73, 199 S.E. 2d 409, 412 (1973).

Here, the trial judge explained to the jury the meaning of a "wilful" and a "wanton" act. However, he also specifically instructed the jury that before it could find the defendant guilty it must find beyond a reasonable doubt that the defendant acted "intentionally." This was clearly proper. *State v. Williams, supra.* The court further instructed the jury that this intent was a specific intent which could be negated by the voluntary intoxication of the defendant. When considered contextually as a whole, the charge to the jury is free from prejudicial error.

The defendant had a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge PARKER concur.