STATE OF NORTH CAROLINA v. JOHNNY FIELDS

No. 759SC156

(Filed 7 May 1975)

1. Rape § 10— opinion testimony child had been molested

In a prosecution for assault on a female under the age of 12 years with intent to commit rape, the admission of a question to a medical expert as to whether he had an opinion concerning whether the child "had been the victim of an attack," and the expert's opinion "that certainly she had been molested," if erroneous, was harmless beyond a reasonable doubt in light of the mass of other evidence of defendant's guilt.

2. Criminal Law § 89— times of prior convictions

The trial court did not abuse its discretion in refusing to allow defense counsel to cross-examine a State's witness as to the exact times of his prior convictions.

ON writ of *certiorari* to review judgment entered by *Bailey, Judge,* on 25 June 1974 in Superior Court, VANCE County. Heard in the Court of Appeals 17 April 1975.

Defendant was charged with the felony of assaulting a female under the age of 12 years with the intent to commit rape. The alleged victim was eight years old. Defendant pleaded not guilty, a jury found him guilty as charged, and from judgment imposing prison sentence of 15 years, he appealed.

*Attorney General Edmisten, by Associate Attorney Sandra M. King, for the State.*

*Smith and Banks, by J. Henry Banks, for the defendant appellant.*

BRITT, Judge.

Defendant contends first that the trial court erred in admitting certain testimony of Dr. Currin, a medical expert witness, who examined the alleged victim, Valerie Henderson, soon after the occurrence. The record reveals:

[1] Dr. Currin testified that he examined Valerie and found multiple excuriations or abrasions near the entrance to her vagina; that there were considerable blood stains on the pants removed from Valerie; however, he found no tear or laceration of the hymen and found no sperm. Dr. Currin was then asked

State v. Fields

by the prosecuting attorney if he had an opinion based upon his medical examination of Valerie on the night in question as to whether "she had been the victim of an attack". Defendant objected to the question, the court overruled the objection, and the witness answered, "[m]y opinion was that certainly she had been molested".

Assuming, *arguendo*, that the trial court erred in admitting the testimony, in the light of the mass of other evidence of defendant's guilt, we hold that the error was harmless beyond a reasonable doubt. *State v. Cox*, 281 N.C. 275, 188 S.E. 2d 356 (1972), and cases therein cited.

[2] Defendant next contends that the trial court erred in not allowing him to cross-examine one of the State's witnesses as to the exact times of his prior convictions. The witness had theretofore admitted on cross-examination that he had several prior convictions for transporting liquor and that his last conviction was "about a year ago". While it is the rule that wide latitude is allowed in the cross-examination of a witness, it is also well recognized that the latitude of cross-examination rests largely in the trial court's discretion, especially where the questions are repetitious. *State v. Robinson*, 280 N.C. 718, 187 S.E. 2d 20 (1972); 1 Stansbury, North Carolina Evidence, § 35 (Brandis rev. 1973). We hold that the court did not abuse its discretion.

Finally, defendant contends that the court erred in accepting the verdict of the jury. Suffice it to say that we have carefully reviewed the record with respect to this contention and conclude that the court did not err.

We hold that defendant received a fair and impartial trial free from prejudicial error.

No error.

Judges PARKER and VAUGHN concur.