STATE OF NORTH CAROLINA v. WILL ARNOLD

No. 751SC269

(Filed 2 July 1975)

1. **Homicide § 19— deceased as violent man — testimony of specific acts inadmissible**

     The trial court in a murder prosecution did not err in excluding testimony of a public officer concerning specific incidents of violence involving deceased, but the officer was properly permitted to testify that the deceased had a reputation in his community for cutting.

2. **Homicide § 19— deceased as violent and fighting man — admissibility of evidence**

     In prosecutions for homicide and assault where there is evidence tending to show that the killing or assault was in self-defense, evidence of the character of the deceased as a violent and dangerous fighting man is admissible if such character was known to the accused or the evidence is wholly circumstantial or the nature of the transaction is in doubt.

APPEAL by defendant from *Lanier, Judge*. Judgment entered 5 November 1974 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 29 May 1975.

Defendant was charged in a bill of indictment with murder in the first degree of John Littlejohn, Jr. At trial, the State elected to seek only a conviction of murder in the second degree to which defendant pled not guilty.

The State's evidence tended to show that on 18 August 1974, defendant and Littlejohn were engaged in an argument in the area of Road and Shepard Streets in Elizabeth City; that Littlejohn left the porch where he and defendant had been sitting; and that they had another confrontation whereupon defendant pulled a .25 caliber pistol and shot Littlejohn in the head killing him. An officer who investigated the crime testified that he found an unopened pocketknife under the victim's left arm. Defendant was subsequently arrested and confessed to having shot Littlejohn, but complained that Littlejohn was coming at him with a knife.

The defendant did not testify, but he offered the testimony of four witnesses which tended to show that the deceased was advancing on the defendant with an open knife and had threatened to cut his throat. Plenary evidence was introduced that the deceased had a reputation in the community for being a violent

and dangerous person and had a reputation for "cutting." There was evidence that both the defendant and the deceased had been drinking before the shooting; that the deceased was drunk and cursing; and that he started backing the defendant up with the knife until the defendant could not back up anymore so defendant shot him.

The jury returned a verdict of guilty of murder in the second degree. From a judgment imposing a term of imprisonment, defendant appealed.

*Attorney General Edmisten by Associate Attorney Thomas M. Ringer, Jr., for the State.*

*Twiford, Abbott, Seawell, Trimpi & Thompson by C. Everett Thompson for the defendant.*

CLARK, Judge.

[1] Defendant brings forward an assignment of error relating to the exclusion of answers to questions asked one of the investigating officers during voir dire out of the presence of the jury. The questions related to specific acts of violence of the deceased which were within the knowledge of the investigating officer. While these questions were never tendered for admission before the jury, they were nevertheless properly objectionable since the officer testified that he did not know the deceased's reputation for violence in the community but only had knowledge of the specified acts. There was no showing that defendant was present during the commission of the prior acts or that he had knowledge thereof prior to the alleged murder. In these circumstances, the specific incidences of violence were properly excluded. *State v. Johnson*, 270 N.C. 215, 154 S.E. 2d 48 (1967); *State v. Blackwell*, 162 N.C. 672, 78 S.E. 316 (1913). The officer was permitted to testify that the deceased had a reputation in his community for cutting.

[2] Of the two other exceptions brought forward relating to exclusion of evidence of his reputation in the community for being a violent and dangerous man, we find the questions repetitious and the exclusion not prejudicial because all four witnesses for defendant were allowed to testify regarding the deceased's reputation as a violent and dangerous fighting man. In prosecutions for homicide and assault, where there is evidence tending to show that the killing or assault was in self-defense, evidence of the character of the deceased as a violent and danger-

ous fighting man is admissible if (1) such character was known to the accused, or (2) the evidence is wholly circumstantial or the nature of the transaction is in doubt. 1 Stansbury, N. C. Evidence, § 106 (Brandis rev. 1973).

In the trial below, we find

No error.

Judges MARTIN and ARNOLD concur.