State v. Patterson

Reversed and remanded.

Judges CLARK and ERWIN concur.

STATE OF NORTH CAROLINA v. GREGORY DEAN PATTERSON

No. 7725SC723

(Filed 18 April 1978)

1. **Homicide § 28.3— instructions on self-defense—reasonableness of apprehension—whether deceased had weapon**

    The trial court in a homicide case did not err in instructing the jury that, in determining the reasonableness of defendant's apprehension for his safety, one circumstance for the jury to consider was whether deceased had a weapon in his possession.

2. **Homicide § 24.3— self-defense—instructions—burden of proof—burden of going forward with evidence**

    The trial court's charge in a homicide case did not improperly place on defendant the burden of rebutting the presumption of unlawfulness but clearly placed on the State the burden of proving beyond a reasonable doubt all the elements of murder, including unlawfulness, and the charge was not improper in placing on defendant the burden of presenting evidence of self-defense.

3. **Criminal Law § 65; Homicide § 15.2— exclusion of evidence as to physical and mental state—harmless error**

    While the failure of the trial court in a homicide case to admit evidence pertaining to defendant's physical condition and state of mind at the time of the killing might have been error, it cannot be determined whether such error was prejudicial to defendant where defendant failed to make an offer of the evidence.

4. **Homicide § 19— self-defense—prior incidents of violence—improper questions**

    In a homicide prosecution in which defendant presented evidence tending to show self-defense, the trial court did not improperly limit testimony concerning prior incidents of violence by deceased against defendant where one excluded question attempted to introduce new evidence on redirect examination, two questions called for hearsay answers, and the fourth question attempted to elicit evidence previously admitted.

APPEAL by defendant from *Snepp, Judge*. Judgment entered 6 April 1977, in Superior Court, CATAWBA County. Heard in the Court of Appeals 13 January 1978.

Defendant was charged under a proper bill of indictment with the murder of Michael Millsap. Since defendant stipulated that Michael Millsap died 2 March 1976 as a proximate result of gunshot wounds inflicted upon him by defendant, the sole question of fact for the jury involved the presence or absence of circumstances mitigating defendant's act. Defendant alleged and sought to prove self-defense. The jury, however, returned a verdict of guilty of second degree murder. From this judgment defendant appeals.

*Attorney General Edmisten, by Assistant Attorney Archie W. Anders, for the State.*

*Chambers, Stein, Ferguson & Becton, P.A., by J. Levonne Chambers and Louis L. Lesesne, Jr., and Young M. Smith for defendant appellant.*

ARNOLD, Judge.

I.

[1] There is no merit in defendant's argument that the court erred in instructing the jury with respect to one of the elements of self-defense. The basis of defendant's argument is that the trial court instructed the jury that it would have to consider, in determining the reasonableness of defendant's apprehension for his safety, whether the deceased had a weapon, not whether defendant reasonably believed that the decedent had a weapon. Defendant, however, fails to consider the trial court's complete charge on the element of defendant's apprehension:

"For a killing to be justified or excused on the grounds of self defense, the law requires that four requirements be met:

    *   *   *   *

"Second, the circumstances as they appeared to the defendant at the time must have been sufficient to create such a belief in the mind of a person of ordinary firmness. It is for you to determine the reasonableness of the defendant's belief from the circumstances as they appeared to him at the time. In making this determination you should consider the circumstances as you find them to have existed

from the evidence, including the size, age and strength of the defendant as compared to Millsap's; the fierceness of the attack, if any of the defendant upon the deceased; whether or not Millsap had a weapon in his possession and whether or not there were past occurrences between the two which had resulted in some violence. . . ."

## II.

[2] It is next asserted that the trial court impermissibly placed on defendant the burden of rebutting the presumption of unlawfulness. In *Mullaney v. Wilbur*, 421 U.S. 684, 44 L.Ed. 2d 508, 95 S.Ct. 1881 (1975), the United States Supreme Court held that a Maine jury instruction requiring a defendant on trial for murder to prove by a preponderance of the evidence that he acted in the heat of passion on sudden provocation, violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution, as that clause was interpreted in *In re Winship*, 397 U.S. 358, 25 L.Ed. 2d 368, 90 S.Ct. 1068 (1970), to require the prosecution to prove beyond a reasonable doubt every fact necessary to constitute a crime.

Subsequently, the North Carolina Supreme Court, applying *Mullaney* in *State v. Hankerson*, 288 N.C. 632, 220 S.E. 2d 575 (1975), held that the Due Process Clause of the Fourteenth Amendment prohibits the use of our long-standing rules in homicide cases that a defendant, in order to rebut the presumption of malice, must prove to the satisfaction of the jury that he killed in the heat of sudden passion, and to rebut the presumption of unlawfulness, that he killed in self-defense. The Supreme Court stated at 651-52, 220 S.E. 2d at 589:

"*Mullaney*, then, as we have interpreted it, requires our trial judges in homicide cases to follow these principles in their jury instructions: the State must bear the burden throughout the trial of proving each element of the crime charged including, where applicable, malice and unlawfulness beyond a reasonable doubt. The decision permits the state to rely on mandatory presumptions of malice and unlawfulness upon proof beyond a reasonable doubt that the defendant intentionally inflicted a wound upon the deceased with a deadly weapon which proximately resulted in death. If, after the mandatory presumptions are raised, there is no evidence of a

heat of passion killing on sudden provocation and no evidence that the killing was in self-defense, *Mullaney* permits and our law requires the jury to be instructed that defendant must be convicted of murder in the second degree. *If, on the other hand, there is evidence in the case of all the elements of heat of passion on sudden provocation the mandatory presumption of malice disappears but the logical inferences from the facts proved remain in the case to be weighed against this evidence. If upon considering all the evidence, including the inferences and the evidence of heat of passion, the jury is left with a reasonable doubt as to the existence of malice it must find the defendant not guilty of murder in the second degree and should then consider whether he is guilty of manslaughter. If there is evidence in the case of all the elements of self-defense, the mandatory presumption of unlawfulness disappears but the logical inferences from the facts proved may be weighed against this evidence. If upon considering all the evidence, including the inferences and evidence of self-defense, the jury is left with a reasonable doubt as to the existence of unlawfulness it must find the defendant not guilty.*" [Emphasis added.]

In *Hankerson v. North Carolina*, --- U.S. ---, 53 L.Ed. 2d 306, 97 S.Ct. 2339 (1977), the United States Supreme Court reversed that portion of our Supreme Court opinion which interpreted *Mullaney* as not being retroactive. Moreover, the Court rejected the State's argument that even if *Mullaney* were retroactive the jury instructions requiring a defendant to "satisfy" the jury that he acted in self-defense is not a violation of the rule announced in *Mullaney*. The Supreme Court noted that the State's argument was contrary to the construction of the jury charge given by the North Carolina Supreme Court, to wit: that a burden to "satisfy" the jury of self-defense places a burden on a defendant "no greater and at the same time one not significantly less than persuasion by a preponderance of the evidence." The United States Supreme Court did not disagree with this interpretation of the charge, which is essentially a question of state law.

In the present case, the trial court did not charge that defendant had to satisfy the jury on self-defense; rather, it made the following instruction to the jury on the elements of unlawfulness and malice:

"Now if the State satisfies you beyond a reasonable doubt that Gregory Patterson intentionally shot Michael Millsap with a deadly weapon or that he intentionally inflicted a wound upon Millsap with a deadly weapon and thereby proximately caused Millsap's death, and there is no evidence which raises in your mind a reasonable doubt that the defendant acted without malice or without justification or excuse, that is, I say, that if the State satisfies you beyond a reasonable doubt that Gregory Patterson intentionally shot Michael Millsap with a deadly weapon or that he intentionally inflicted a wound upon Millsap with a deadly weapon thereby proximately causing Millsap's death, and there is no evidence which raises in your mind a reasonable doubt that the defendant acted without malice, you may infer that the defendant acted unlawfully and with malice.

"However, if there is other evidence, then you will also consider it in determining whether the State has proved beyond a reasonable doubt that the defendant acted with malice and without justification and excuse."

While not expressly approved, the instructions of Judge Snepp nevertheless are without error prejudicial to defendant. In spite of defendant's well-reasoned arguments to the contrary, the charge is not in conflict with *Mullaney* or *Hankerson*. In construing the charge as a whole it is clear that the State, throughout the trial, had the burden of proving beyond a reasonable doubt all the elements of murder. No burden of proof was placed on defendant. Even if it be argued that Judge Snepp did charge defendant with the burden of presenting evidence of self-defense there is no violation of the Due Process Clause of the Fourteenth Amendment. In *Mullaney*, with respect to the defense of acting in the heat of passion, the United States Supreme Court said:

"Many states do require the defendant to show that there is 'some evidence' indicating that he acted in the heat of passion before requiring the prosecution to negate this element by proving the absence of passion beyond a reasonable doubt. [Citations omitted.] Nothing in this opinion is intended to affect that requirement."

*Mullaney v. Wilbur, supra,* n. 28.

Therefore, there is no error prejudicial to defendant in the trial court's charge to the jury.

## III and IV.

[3] Defendant's third and fourth questions involve alleged errors of the trial court in excluding evidence pertaining to defendant's physical condition and defendant's state of mind at the time of the killing. The rule concerning the admissibility of such evidence is found in *State v. Leak*, 156 N.C. 643, 647, 72 S.E. 567, 568 (1911) quoting McKelvey on Evidence, p. 220 *et seq.*:

> " 'The instantaneous conclusions of the mind as to the appearance, condition, or mental or physical state of persons, animals, and things, derived from observation of a variety of facts presented to the senses at one and the same time, are, legally speaking, matters of fact, and are admissible in evidence.' "

The trial court's failure to allow such evidence in the present case might have been error. However, since defendant failed to make an offer of evidence it cannot be determined if such error was prejudicial to defendant. *State v. Robinson*, 280 N.C. 718, 187 S.E. 2d 20 (1972).

## V.

[4] Defendant's final argument is that the trial court committed prejudicial error by limiting testimony concerning prior incidents of violence by deceased against the defendant. In *State v. Arnold*, 26 N.C. App. 484, 216 S.E. 2d 164 (1975), this Court stated the rule that in a prosecution for homicide where there is evidence tending to show self-defense, evidence of the character of the deceased as a violent and dangerous fighting man is admissible if (1) such character was known to the accused, or (2) the evidence is wholly circumstantial or the nature of the transaction is in doubt.

Defendant argues that the trial court erred at four different times in refusing to allow such evidence. Defendant, however, fails to recognize that answers to his questions were disallowed for other valid reasons. The first question to which the court refused to allow the answer was directed to defendant, and related to whether decedent had picked defendant up and put him in a waste basket some six to eight weeks prior to the deceased's

death. This question was asked during defense counsel's redirect examination of defendant and was an attempt to elicit new evidence. The introduction of new evidence on redirect examination is left to the discretion of the trial judge and we find no abuse of discretion.

The second and third questions, directed to the defendant and to the magistrate respectively, called for hearsay answers and those answers were properly excluded for that reason.

The fourth question to which the court refused answer involved an attempt by defendant to elicit testimony from one of his witnesses about a prior incident involving a threat against defendant by decedent. Since that same evidence had already been admitted there is no prejudicial error. It is well established that a trial court's refusal to permit questions which would elicit merely repetitious and cumulative evidence is not error. *State v. Lindsey*, 25 N.C. App. 343, 213 S.E. 2d 434 (1975).

In defendant's trial there is no error sufficient to grant a new trial.

No error.

Judges PARKER and MARTIN concur.